No. 33,817

J. Bert Schooley, *Appellant*, v. Victor Swanson and The Hardware Mutual Casualty Company, *Appellees*.

(78 P. 2d 858)

Opinion filed May 7, 1938.

Benjamin F. Hegler, A. V. Roberts, Roger P. Almond and Verne Roberts, all of Wichita, for the appellant.

Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson and Henry L. Butler, all of Wichita, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was a workmen's compensation case. The commissioner denied the claim and the district court affirmed the decision. The claimant appeals.

It is admitted the only question for review is whether the accident arose "out of and in the course of employment." Claimant was employed by Victor Swanson, who was engaged in the operation of a feed store located close to the stockyard district in the city of Wichita. Respondent was a self-insurer under the compensation act. He had rented approximately thirty-seven acres of land lying within a few miles of the city limits for the purpose of feeding cattle thereon. Under an oral contract claimant was to live on this tract of land, feed the cattle and do whatever was necessary for their care. At spare times he worked in the warehouse. In compensation for his services claimant was to have the use of a seven-room house on the land, a plot for garden purposes, the use of a cow and was to receive $45 per month. Later the salary was increased to $50 per month. As a result of the employment claimant moved his family onto the premises, attended the cattle, planted a garden and performed the general duties about the place. Some old trees had died at one corner of the premises and respondent decided to remove the trees and build a fence, provided he could obtain the consent of Mrs. Samples, his landlord, to do so. The consent was granted. No agreement, however, was at that time reached between respondent and Mrs. Samples, relative to the disposition of the wood from the trees. The trees, of course, were the property of the landlord. Respondent had not agreed and was under no obligation to furnish fuel to the claimant. Fuel had been purchased by claimant at his own expense. It consisted of wood and coal. The claimant was permitted to use scrap wood lying about the place. Claimant realized the wood from the trees belonged to the landlord and inquired of respondent whether he thought Mrs. Samples would object to his using the trees for firewood. He also desired to use some of it in a heater which was located in a chicken house. Respondent advised he would inquire from Mrs. Samples and inform him. Mrs. Samples did not object

and claimant was informed he might use the wood in whatever way he desired. On a Sunday afternoon claimant undertook to chop some wood with which to cook the evening meal. A piece of wood struck him on the nose, broke the septum and resulted in lacerations and prolonged hemorrhages. The doctor had considerable difficulty in stopping the bleeding. The loss of considerable blood left claimant in a weakened condition and resulted in his incapacity to perform his regular duties for about two months.

In order for an accident to be compensable under the act, it must arise out of and in the course of employment. (G. S. 1935, 44-501.) The rulings of the commissioner and the district court were proper. This accident did not so arise. In the recent case of *Floro v. Ticehurst*, ante, page 426, 76 P. 2d 773, it was said:

"The phrase 'out of . . . . the employment' requires a showing of some connection between the work that was being done and the accident which caused the injury; that the accident was in some reasonable sense one of the hazards of the work that was being done." (p. 431.)

In the earlier case of *Cox v. Refining Co.*, 108 Kan. 320, 195 Pac. 863, in which compensation was denied, it was said:

"But in all such cases the employment must have some definite, discernible relation to the accident." (p. 324.)

In the instant case the cooking of the meal and the providing of the fuel with which to cook it were in no sense a part of claimant's employment. The activities in this connection were solely for claimant's personal benefit. They were in no proper sense incidental to his employment.

Claimant urges the accident arose out of work which was enjoined upon him by his employer. The evidence does not support the contention. Respondent was under no obligation to furnish fuel for claimant's private use. The accident did not occur in connection with the grubbing or cutting of the trees. It occurred long after that task had been completed and while claimant was engaged in chopping the wood solely for his own use and benefit. Claimant relies mainly upon *Thomas v. Manufacturing Co.*, 104 Kan. 432, 179 Pac. 372; *Chance v. Coal & Mining Co.*, 108 Kan. 121, 193 Pac. 889, and *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818. Those decisions are not authority for an award of compensation in the instant case. The accident in the first two cases cited resulted from conditions which had become established customs in the business of the employer. In the Thomas case, claim-

ant, a girl, was injured on a truck which was used for amusement of the employees during a short thirty-minute noon intermission. There was evidence such use of the truck was an established custom and was conducted with the foreman's knowledge and consent. The shortness of the intermission made it difficult for employees to go elsewhere for their lunch. It was to the employer's interest they should be back for duty on time. The practice of taking their lunch with them and using the trucks for amusement during the short intermission had become a condition under which the business was carried on. Touching that state of facts this court said:

"Injuries have been held to arise out of the employment whenever they are 'such as the character of the business or the conditions under which it is carried on make likely, and the result either was or should have been in the contemplation of the employer.' (*Jacquemin et al. v. Turner & Semour Manufacturing Co.*, 103 Atl. 115 [Conn.].)" (p. 437.)

For a discussion of additional theories underlying the award in the Thomas case, see, also, *Corpora v. Kansas City Public Service Co.*, supra (p. 696).

While it is true that in the Chance case the workman had finished his actual work in the mine, it is also true he was still in the pit, the place of employment, and was still under the direction and control of his employer. It was the custom of the miners to ride out on the last trip on dinkey engines, a means of transportation supplied by the employer for the purpose of ascending. It was held the injury which occurred upon the trip was a result which was or should have been in contemplation of the employer and which grew out of and was reasonably incident to the workman's employment.

In the Corpora case the workman was injured while putting on his overalls preparatory to his work. True, the accident occurred a few minutes before the commencement of actual labor. Prior to going to work, however, the workman was required as a preliminary duty to his work, to sign a register to show he was on hand. This he had done before going to the dressing room. It was held the conduct of the workman was incidental to his employment.

The cooking of the meal for claimant and his family, and the chopping of the fuel as an incident to the cooking of the meal, was in no sense one of the hazards of the employment. The accident did not arise because of his employment of feeding cattle and it was in no reasonable way traceable to it. Clearly, therefore, the accident did not arise out of the employment. This eliminates the first requi-

site. "In the course of his employment," as a phrase, simply means that the accident happened while the employee was at work in his employer's service. It relates to the time, place and circumstances under which the accident occurred. (*Cox v. Refining Co.*, supra.) Since both elements are necessary to establish liability and the first element remains unsatisfied, it is unnecessary to discuss the second.

The judgment is affirmed.