## No. 35,550

MRS. LOTTIE E. REPSTINE, *Appellee,* v. HUDSON OIL COMPANY and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellants.*

(126 P. 2d 225)

Opinion filed June 6, 1942.

*Steadman Ball,* of Atchison, argued the cause, and *J. W. Lowry, Edmund L. Page,* both of Atchison, *T. A. Duckworth* and *Zed H. Hurtt,* both of Kansas City, Mo., were on the briefs for the appellants.

*Sam Mandell,* of Kansas City, Mo., argued the cause, and *Benjamin A. Boeh,* of Atchison, and *Arthur C. Popham,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a claim for workmen's compensation. The commissioner of workmen's compensation made an award to the claimant. On appeal this award was approved by the trial court.

The respondent owned and operated a gasoline filling station near Atchison, Kan. Robert L. Repstine, husband of claimant, was manager of it. He lived with his family about a mile and a half from the place where the station was located. This filling station was the respondent's only business in Atchison. All of this equipment and property were at that station. The deceased as manager of the station was responsible for the money taken in at the station. There is no dispute as to this. It was customary for the deceased to take the money of the station home with him and bring it back when he came to work the next day. On the morning of September 29, 1940, he was driving from his home to the station by the most direct route. That was on Sunday morning. He had taken the proceeds of the Saturday's business, amounting to $198, home with him to keep it safely and was taking it back to the station at that time. On his way from his home to the station the car he was driving collided with a truck and he received injuries from which he died. There was no safe provided by the company at the station for the safe-keeping of the proceeds of the business and there was no other means provided for the deceased to take care of this money other than by taking it home and keeping it with him. It was his duty to protect this money at all times.

There is no dispute as to the facts in the case. The commissioner of workmen's compensation heard the evidence and found that the accident happened "in the course of" and arose "out of" the employment of deceased and awarded compensation to the claimant. The district court sustained this award. Hence this appeal.

The sole question is whether the accident arose "out of" and happened "in the course of" the employment. The theory of the claimant is that since the deceased was responsible for the money taken in at the station, and no means was provided by the respondent whereby the money might be safely kept at the station or any other place than in the custody of the deceased, and since the deceased had $198 of the company's money in his custody and was taking it to his place of business, and he had charge of it since he closed the

station the preceding night, he was working at his employment at the time his death occurred.

At the outset claimant is met with the provisions of G. S. 1935, 44-508 ·(k), which provides as follows:

"The words 'arising out of and in the course of employment' as used in this act shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence."

Plaintiff meets the above provisions with the argument that deceased, while on his way from his home to his work, was taking care of the company's money and hence the injury occurred "in the course of" his employment, and that for the same reason the accident arose "out of" the employment because he could not get to his work without traveling along the highway and while he was traveling along the highway he was taking care of the company's money.

It should be stated here that it is not contended that the proximate cause of this accident was the employer's negligence.

Where all of the facts are admitted the question of whether admitted facts justify the conclusion that the injury arose "out of" and occurred "in the course of" the employment is a question of law. (See *Rush v. Empire Oil & Refining Co.,* 140 Kan. 198, 34 P. 2d 542; also *Holloway v. Consolidated Gas, Oil & Mfg. Co.,* 152 Kan. 129, 102 P. 2d 987.)

Passing for a moment the question of whether this accident happened "in the course of" the employment we shall consider whether it arose "out of" the employment. This court has held that in order for the claimant to be entitled to compensation the accident must have arisen "out of" the employment and happened "in the course of" the employment. It arises "out of" the employment when it is clear upon consideration of all the circumstances that there was a causal connection between the conditions under which work was required to be performed and the resulting injury. An injury which does not appear to have its origin in a risk connected with the employment, and cannot be shown to have flowed from the source as a natural consequence, does not arise "out of" the employment. (See *Cox v. Refining Co.,* 108 Kan. 320, 195 Pac. 863; *Haas v. Light & Power Co.,* 109 Kan. 197, 198 Pac. 174; *Sellers v. Reice Construction Co.,* 124 Kan. 550, 262 Pac. 19; *Gamble v. Board of Public Utilities,* 137 Kan. 227, 19 P. 2d 227; *Finck v. Galloway,* 139 Kan. 173, 29 P. 2d 1091; *Rush v. Empire Oil & Refining Co.,* supra; *Schooley v.*

*Swanson,* 147 Kan. 758, 78 P. 2d 858; *Hudson v. Salina Country Club,* 148 Kan. 697, 84 P. 2d 854; and *Holloway v. Consolidated Gas, Oil & Mfg. Co.,* supra.)

The fact that the employee happened to be doing something incidental to or in connection with his work does not mean that the accident which happened to him arose "out of" his employment.

In *Covert v. John Morrell & Co.,* 138 Kan. 592, 27 P. 2d 553, where a traveling salesman was calling on his customers which necessitated his driving along the highway someone deliberately threw a chunk of mud breaking his windshield and injuring him. This court said:

"The compensation act requires that the injury 'arise out of and in the course of' the employment. Both elements must be present to justify a recovery. 'Arising out of' means that the accident came out of the employment and makes it a condition precedent to the right to recover compensation, that the occurrence shall have resulted from the risk reasonably incident to the employment and that there be a causal connection. While not ordinarily essential that it be peculiar to the particular employment in which the workman was engaged at the time of the injury, it must arise out of a risk in some way peculiar to that in which he was engaged and not out of a hazard to which he would be equally exposed outside of the business." (p. 593.)

In *Rush v. Empire Oil & Refining Co.,* supra, the workman was engaged in working with a team and wagon on the streets of a town which consisted of many houses owned by his employer. While thus engaged a storm came up and he took refuge in a garage. The storm blew the garage down and injured him. This court held that the injury did not arise "out of" his employment. The court said:

"The purpose of the workmen's compensation act is to burden the industry with the economic loss to a workman or his dependents resulting from accidental injury sustained by the workman, not only in the course of his employment, but which was caused by, or arose out of, his employment. It never was the purpose of the compensation act that the employer should in all respects be an insurer of the employee, but he is such insurer only for those accidental injuries caused or produced in some way by the employment. The statute uses a rather broad term in the expression "out of" the employment, thereby indicating that the statute should have a liberal interpretation to accomplish its purpose (*Roberts v. City of Ottawa,* 101 Kan. 228, 165 Pac. 869; *Palmer v. Fincke,* 122 Kan. 825, 253 Pac. 583), but this does not mean that the act should be construed to include injuries which clearly did not arise out of the employment." (p. 200.)

See, also, *Holloway v. Consolidated Gas, Oil & Mfg. Co.,* supra. In that case deceased lived on an oil and gas leasehold with his family. One morning in lighting the fire in the heating stove his

clothing became ignited and he was so severely burned he died. This court reviewed the authorities and said:

"The accident must arise 'out of' and it must happen 'in the course of' the employment in order for the act to apply. Each of these terms has a distinct meaning. 'In the course of' employment simply means while the employment was going on. (See *Cox v. Refining Co.,* 108 Kan. 320, 195 Pac. 863.) The words point to the time, place and circumstances under which the accident took place. (See *Rush v. Empire Oil & Refining Co.,* 140 Kan. 198, 34 P. 2d 542.)

"Do the findings of the trial court bring this case within the meaning of this term? The fact that deceased was compelled to live on the lease and to be on duty twenty-four hours a day and to have a warm place to stay, which would necessitate the building of a fire in the heating stove, cannot be held to have this effect. In the first place, the building of this particular fire was as much for the comfort and well-being of the members of the family of deceased as for enabling him to carry on his employment. He would have been compelled to build a fire in a heating stove or furnace no matter where he lived or what had been his employment unless he happened to live in an apartment house where a janitor took care of that duty. The act of building this fire was no more a part of his employment than the act of helping his wife do the supper dishes would have been. Suppose he had cut his hand on a glass while drying it in the kitchen, would anyone argue that such an accident happened 'in the course of' his employment? It has been said many times that workmen's compensation has been provided so that industry should bear the expense of those injured while engaged in carrying it on. But in order for this theory to apply here we would be compelled to conclude that this man would not have been compelled to build a fire in a heating stove on a cold morning except for the fact that he was employed as a pumper on a lease. We all know such was not the case." (p. 134.)

When we review the above rules in the light of the circumstances of the case we are considering we are impelled to the conclusion that there was no causative connection between the fact that the deceased in this case had the money of his employer on his person when he was killed and his injury or accident would have occurred just the same had the money not been in his possession. The accident cannot be held to have arisen "out of" the employment.

It should be observed that there are early decisions of this court which might seem to hold an accident such as we have here to be compensable. We prefer the rule, however, as it has been stated in the authorities cited here.

The judgment of the trial court is reversed with directions to enter judgment for the respondent.