No. 35,544

WILLIAM H. SKANKS, *Appellee,* v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant.*

(127 P. 2d 431)

Opinion filed July 11, 1942.

*O. B. Eidson,* of Topeka, argued the cause, and *T. M. Lillard, P. H. Lewis* and *James W. Porter,* all of Topeka, were on the briefs for the appellant.

*Sanford M. Manker* and *Eugene H. Linville,* both of Salina, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the workmen's compensation act. The compensation commissioner made an award in favor of the claimant, and on appeal the district court made a similar award. The respondent appeals to this court.

The only contentions presented are that under the evidence and

under the facts as found by the trial court, the claimant at the time of his injury was engaged in work in furtherance of interstate commerce within the purview of the federal employers' liability act, that the rights of the parties are not governed by the provisions of the workmen's compensation act of Kansas, and that the commissioner and the district court on appeal, had no jurisdiction to make any award.

As has been stated, the hearing before the compensation commissioner resulted in an award in favor of the claimant. On the appeal, the district court made findings of fact and conclusions of law, which, so far as are here pertinent, are as follows:

During the middle of June, 1941, there was a flood along the Smoky Hill river between Salina and Solomon, Kan., and the respondent employed claimant as an emergency flood-control worker. Respondent had placed a large quantity of sand on a dock at Salina, and had placed flat cars near the dock. The duty required by respondent of claimant was to fill sandbags from the sand on the dock and to carry them to and place them on the flat car. In so doing claimant sustained an umbilical hernia. Respondent contended such bags of sand were necessary in order to preserve the interstate movement of its cars in interstate commerce, and claimant contended he had nothing to do with placing the bags at Solomon but only filling them at Salina, and nothing to do with their destination or use, and hence his work was too remotely connected with interstate transportation to make him subject to the federal act. After stating it agreed with claimant's contention, the court further stated that such work as claimant did was very remotely connected, if connected at all, with interstate commerce, and that it was not shown the bags were to be used in connection with any car or engine which was moving or assisting in the movement of interstate commerce, and that it was not shown there was a train, passenger or freight, including the cars of each, which such bags of sand assisted in their interstate transportation, either of themselves or of goods being carried, and it was further concluded that the injury was covered and governed by the workmen's compensation act of Kansas and not by the federal employers' liability act. In accordance with its findings the district court made an award in favor of claimant. Later a supplemental finding was made that after the sand bags were loaded on the flat car, the car was to be moved by the respondent over its tracks some distance east where the bags were to be unloaded and

placed along the interstate railroad track of respondent to remain there temporarily to protect the track from then existing floodwaters, and that interstate commerce moved along the railroad track where the bags were to be placed.

In a recent case where claim was made under the workmen's compensation act, *Krouse v. Lowden,* 153 Kan. 181, 109 P. 2d 138, it was held:

"The issue of whether, in the light of established facts, such employee was subject at the time of such injury to the federal employers' liability act is a question of law." (Syl. ¶ 5.)

That case arose from an accident occurring in 1938, in which the claimant sustained injuries in alighting from a switch engine used to make up trains in intrastate and interstate commerce but which at the time the injury was sustained was standing on a track and being serviced by the employee in performance of his duties as an "engine herder." Reference to the opinion is made for a fuller statement of the facts. In that case it was held that where an employee of an interstate carrier is injured in the course of his employment, he is subject to the federal employers' liability act if at the time of his injury he is engaged in interstate transportation or in work so closely related to it as to be practically a part of it, and that if a substantial part of his work is in interstate commerce, he is subject to the federal act although part of his work may be intrastate in character. In that case a review is made of most of the cases relied upon by appellee in support of the trial court's award, and they will not be further reviewed here.

We shall not pause to determine whether solely under the authority of *Krouse v. Lowden* the judgment and award here under review should be reversed. In 1939 the congress amended the federal employers' liability act (53 U. S. Stat. 1404, 45 U. S. C. A. 51, *et seq.*) to provide that any employee of a carrier whose duties as such shall be in furtherance of interstate commerce; or shall in any way directly or closely and substantially, affect such commerce, is within the act.

This court had occasion to consider the federal employers' liability act as amended in *Piggue v. Baldwin,* 154 Kan. 707, 121 P. 2d 183. There the evidence showed the claimant's husband had a general duty to clean up cinders, paper and anything else which got upon the railroad tracks and which if allowed to remain might hinder the use of the tracks by engines and cars, and at the time

of his death the workman was removing a pile of cinders. In holding that the workman was then under the federal act, this court approved what was said in *Krouse v. Lowden,* supra, and reviewed decisions in which the act as amended was considered, and said:

"Under the amendment to the federal employers' liability act any employee of a carrier, any part of whose duties shall be the furtherance of interstate commerce, or shall in any way directly or closely and substantially affect such commerce, is considered as employed by such carrier in interstate commerce and is entitled to the benefits of the act." (l. c. 711.)

Briefly stated, the evidence in the instant case showed and the trial court found there was a flood along the Smoky Hill river; that the respondent placed sand on a dock and the workman placed the sand in bags and loaded the bags on a flat car which was to be moved over the track, used for the movements of interstate commerce, the bags to be placed along the track and to protect it from then existing floodwaters.

Certainly the injured workman did not participate in each and every step of putting the sand on the dock, putting it in bags, putting the bags on the flat car, and accompanying the car to the unloading place and putting the bags alongside the track, but what he did was a very necessary link in the chain. It appears that his work was in furtherance of interstate commerce and did directly, closely and substantially affect such commerce. The character of the work done by the claimant brought him under the federal employers' liability act.

In both *Krouse v. Lowden,* supra, and *Piggue v. Baldwin,* supra, it was said that if the workman, at the time of his injury, was engaged in work which brought him under the federal employers' liability act, then he could not maintain a proceeding under the workmen's compensation act.

It follows from what has been said the judgment of the trial court must be reversed and judgment rendered for the appellant, and it is so ordered.