No. 35,552

GROVER C. WILLIAMS, *Appellant*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY (FRANK O. LOWDEN, JAMES E. GORMAN and JOSEPH B. FLEMING, Trustees), *Appellee*.

(130 P. 2d 596)

Opinion filed November 7, 1942.

A. M. Etchen, of Kansas City, was on the briefs for the appellant.

J. E. DuMars, Clayton M. Davis, both of Topeka, and Thomas M. Van-Cleave, of Kansas City, were on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. The trial court denied compensation. Claimant has appealed.

The facts are not seriously controverted. Respondent operates a railroad through several states. It has a roundhouse in Kansas City, where its engines used in interstate transportation are taken to be cleaned and to have the paint renewed where it has been chipped or broken. Claimant was employed by respondent. His duties were to clean and make minor paint repairs on engines, used as above described, set in the roundhouse for that purpose. His day's work began at 7 o'clock in the morning. There was an office about a block away from the roundhouse where he reported each morning before beginning his day's work. On the day of his injury he reported at the office a few minutes before 7 o'clock, changed his street clothes for his working clothes, and started to walk to the roundhouse. There was ice on the sidewalk. He slipped, fell, and sustained an injury to his elbow and other less serious injuries.

The principal question in the case is whether the injury arose under our workmen's compensation law (G. S. 1935, 44-501 *et seq.*), or such remedy as he had was under the federal employers' liability act. (45 U. S. C. A., § 51, as amended August 11, 1939.) Clearly his remedy would have been under the federal act if he had actually been working on the engine at the time of his injury. (*Krouse v. Lowden*, 153 Kan. 181, 109 P. 2d 138.) Counsel for claimant points out that claimant had not reached the roundhouse. He cites and relies heavily on our opinion in *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818, where the syllabus reads:

"Where an employee whose working day began at 7 a. m. arrived at his place of employment a few minutes prior thereto, registered his attendance, and went to a dressing room provided by his employer, and there sustained a fall and injury while putting on his overalls, from which injury and other infirmities he died, it is held that the accidental fall and injury were incidents of the employment and his dependent widow was entitled to compensation." (¶ 3.)

Counsel stresses the holding, "that the accidental fall and injury were incidents of the employment." In that case there was no question of the federal employers' liability act, and had the workman reached his place of employment the parties would have been operating under our workmen's compensation law. That is not true here. The employment of the claimant was under the federal employers' liability act, and it necessarily follows that if the fall and injury were *incidents* of the employment they were *incidents* of his services under the federal employers' liability act. (See *Nor. Car. R. R. Co. v. Zachary*, 232 U. S. 248, 34 S. Ct. 305, 58 L. Ed. 591, where the

facts are much like those here involved.) See, also, *Piggue v. Baldwin,* 154 Kan. 708, 121 P. 2d 183; *Shanks v. Union Pac. Rld. Co.,* 155 Kan. 584, 127 P. 2d 431, and other authorities referred to in the cases cited.

The result is the trial court correctly held that claimant cannot recover under our workmen's compensation act. We need not consider the additional question argued as to whether the accidental injury arose out of and in the course of the employment, but on that point see *Repstine v. Hudson Oil Co.,* 155 Kan. 486, 126 P. 2d 225.

The judgment of the court below is affirmed.