No. 36,128

ROBERT HARRIS, *Appellee*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*.

(149 P. 2d 342)

Opinion filed June 10, 1944.

*O. P. May, B. P. Waggener* and *Ralph M. Hope,* all of Atchison, were on the briefs for the appellant.

*Karl V. Shawver,* of Paola, *Homer A. Cope* and *A. D. Hadsell,* both of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from an award and judgment under the workmen's compensation act in favor of Robert Harris, an employee of the Missouri Pacific Railroad Company at Osawatomie, at which place that company has a shop and roundhouse where its engines engaged in interstate commerce are serviced and overhauled.

Harris's duties were to clean the shop grounds, haul materials, "knock and clean fires" and firepans, wash engines, clean out trash from inside the roundhouse, clean the yards, "shovel and clean up dirt, old paper, waste,"—or "just anything that he was asked to do outside of the shops."

On February 16, 1943, while Harris was trying to load a 55-gallon barrel of oil on a truck to transfer it from defendant's warehouse to its supply house, he slipped and strained himself so that he suffered an abdominal pain and a pain over his left hip. The barrel of oil was to be used for filling lanterns and cans to oil the company's machinery, including its railroad engines.

Harris filed an application for an award of compensation, which the commission allowed, and on appeal the district court affirmed the award, with a finding that—

"The duties assigned this claimant and the work actually done as a common laborer were not primarily or secondarily involved in interstate commerce and that the work being performed by claimant at the time of the accidental injury was not even closely connected with the furtherance of interstate commerce."

The amount of the award is not complained of, but the railroad insists that its relation to Harris, its employee, was governed by the Federal Employers Liability Act and not by the Kansas Workmen's Compensation Act.

The pertinent provision of the federal act, as it was amended, August 11, 1939, reads:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter." (45 U. S. C. A. § 51, p. 118.)

Prior to the enactment of this amendment, there was an endless procession of cases passing through the courts of the entire country, purporting to decide when, and when not, an injured employee of a railroad company should look to the local law or to the federal law for compensation or other legal redress for his injuries. The main purpose of the amendment of 1939 was to broaden the field in which the federal remedy is applicable and to narrow the field to be governed by local law. As a practical matter the extension of federal dominion over the railroads and over the relations of railroad corporations to their employees has virtually absorbed the whole field; and the amendment of 1939 does little more than give statutory countenance to the growing trend of the decisions which had begun long before that enactment. In *Begley v. Missouri Pac. Rld Co.*, 128 Kan. 790, 280 Pac. 902, where the question was whether an injured railway employee's right of redress should be invoked under federal or state law, we said:

"Counsel for the litigants have had no trouble finding plenty of decisions, all more or less analogous to the case at bar, to support their respective contentions. These decisions cannot be harmonized. In general it might be said of them that in the older decisions the state courts did not readily yield to the view nor did the federal supreme court insist on the view that the indirect incidents pertaining to the operation of an interstate railroad were themselves a part of the interstate commerce of the country to the extent that the rights or parties thereunder should no longer be governed by local law. Twenty years ago, when the federal employers' liability law was enacted, April 22,

1908 (U. S. Comp. Stat., 1916, § 8657), it is quite unlikely that our national lawmakers realized they were legislating to the effect that in carrying a sack of bolts for the repair of a bridge in Hoboken a workman should be deemed to have been engaged in interstate commerce, yet a judicial holding to that effect followed when it was considered that the bridge was used for interstate traffic (as well as intrastate) and that its maintenance was requisite to that traffic, and of course the bolts which the workmen carried were necessary to keep it in repair. (*Pedersen v. Del., Lack. & West. R. R.,* 229 U. S. 146, 57 L. Ed. 1125.)" (p. 793.)

In deference to the controlling federal decisions, and more lately to the amendment of 1939 to the federal act, we have held that cases not materially differing from the one at bar were governed by the federal employers' liability act and not by our local compensation act. (*Schaefer v. Lowden,* 147 Kan. 520, 78 P. 2d 48; *Krouse v. Lowden,* 153 Kan. 181, 109 P. 2d 138, 314 U. S. 633; *Piggue v. Baldwin,* 154 Kan. 708, 121 P. 2d 183; *Shanks v. Union Pac. Rld. Co.,* 155 Kan. 584, 127 P. 2d 431; *Williams v. Chicago, Rock Island & Pac. Rly. Co.,* 155 Kan. 813, 130 P. 2d 596.)

The case of *McFadden v. Pennsylvania R. Co.,* 130 N. J. L. 601, 34 A. 2d 221, was identical in its material aspects with the case at bar. There the railway employee was injured while rolling a barrel of oil up a skid in preparation for filling small containers by which oil was supplied to his employer's tugboats engaged in interstate commerce. It was held that the employee was engaged in interstate commerce within the terms of the federal act, and his claim for compensation under the workmen's compensation act of New Jersey was disallowed. In the opinion of the New Jersey supreme court, it was said:

"However the case in hand might have been viewed under the old law, claimant plainly was engaged in interstate commerce within the intendment of the amendment of 1939, *supra*." (34 A. 2d 222.)

There is a plethora of similar decisions in the annotations to the amended federal statute in full accord with those just cited, holding that railway employees whose duties were of trivial character were nevertheless under the federal act in respect to their relations with their employers. (45 U. S. C. A. 131 *et seq.;* U: S. C. A. March 1944 Supp. 469 *et seq.*) See, also, the recent case of *Scarborough v. Pennsylvania R. Co.,* 154 Pa. Super. 129, 35 A. 2d 603, decided January 27, 1944, and cases cited therein.

The judgment is reversed with instructions to render judgment for appellant.