KETTNER, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 9—March 6, 1951.*

The cause was submitted for the appellant on the brief of *Walter D. Corrigan, Sr., Thomas M. Corrigan, Jerome F. Treis,* and *Robert L. Rohde,* all of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Great Northern Railway Company there was a brief by *Hughes, Anderson & Davis* of Superior, and oral argument by *C. J. Hughes.*

FRITZ, C. J. On this appeal it is obvious that the findings of fact and conclusions of law and order made by the examiner and confirmed by the Industrial Commission of Wisconsin were fully warranted by the evidence in the record, and particularly the undisputed facts to the following effect: The business of the Great Northern Railway Company is almost entirely interstate transportation and Kettner was employed as its traveling freight agent, in calling on companies in Wisconsin and the upper peninsula of Michigan to induce them to ship or direct the shipment of freight over his employer's railway in interstate commerce. On the day he was injured he had called for that purpose at the office of the North Western depot at Beloit, Wisconsin, and he was returning from Beloit. Although no freight shipment resulted from that call, and his soliciting other railroads and companies for business did not create any binding commitments between the shipper and his employer as to movement of freight, and at the time of his contacts the freight may have been nonexistent, he was soliciting freight to be shipped if and when it was ready for shipment and the customer determined to have it shipped over his employer's railway, which might or might not happen.

Appellant contends that at the time of her husband's injury he was not engaged in the furtherance of interstate or foreign commerce, nor were his duties, or the work he was then performing in any way directly, closely, or substantially affecting interstate commerce; that therefore he was not subject to the provisions of the Federal Employers' Liability

Act as amended August 11, 1939, 45 USCA, Railroads, secs. 51–60; that the Industrial Commission has jurisdiction to entertain the applicant's petition, and its duty required it to award death benefits to appellant, as provided by the Workmen's Compensation Act of Wisconsin. And appellant claims there is no case which extends the application of said federal act to an employee who has nothing to do with the actual movement or the actual instrumentalities of commerce, the use of which is directly, closely, or substantially related to the actual movement of commerce.

Appellant's contentions cannot be sustained. Prior to an amendment in 1939 the Federal Employers' Liability Act provided (so far as here material) :

"Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . ." (45 USCA, Railroads, sec. 51.)

The statute was amended on August 11, 1939, by adding,—

"Any employee of a carrier, *any part of whose duties* as such employee *shall be the furtherance of interstate or foreign commerce;* or shall, *in any way directly or closely and substantially, affect such commerce* as above set forth shall, for the purposes of this chapter, *be considered as being employed* by such carrier *in such commerce* and *shall be considered as entitled to the benefits of* this chapter." (53 U. S. Stats. at L., p. 1404, ch. 685; 45 USCA, Railroads, sec. 51.)

Since that amendment there is no liability under the Wisconsin Workmen's Compensation Act when the Federal Employers' Liability Act can be considered applicable by reason of that amendment. In *Chicago, M., St. P. & P. R. Co. v.*

*Industrial Comm.* 217 Wis. 272, 258 N. W. 608, we held (syllabus):

"To render the Federal Employers' Liability Act rather than the state compensation act applicable to an injury sustained by a railroad employee, it is only necessary that the work which the employee was actually doing at the time of his injury was so closely related to interstate transportation as to be practically a part of it.

"A railroad employee, who was crushed between a depot platform and a shipper's truck while attempting to unload from the truck a boiler which had been tendered the railroad company for interstate transportation, was doing work so closely related to interstate transportation as to be practically a part thereof; hence the Federal Employers' Liability Act and not the state compensation act was applicable."

In the opinion in that case we stated (p. 273):

"The only question on this appeal is whether the commission erred in holding that under the facts, which are undisputed, Mueller was not engaged, at the time of his injury, in interstate transportation or commerce. It is conceded that, if he was then engaged in such transportation, the Federal Employers' Liability Act (45 USCA, secs. 51–59; U. S. Comp. Stat. secs. 8657–8665) is applicable and that the state compensation act is inapplicable. *St. Louis, San Francisco & Texas R. Co. v. Seale,* 229 U. S. 156, 158, 33 Sup. Ct. 651, 57 L. Ed. 1129; *Kalashian v. Hines,* 171 Wis. 429, 435, 177 N. W. 602; *Northern Pacific R. Co. v. Industrial Comm.* 200 Wis. 243, 246, 227 N. W. 948. It is also conceded that whether work which an employee was doing when injured was so closely related to interstate transportation as to be a part of it, depends solely upon the nature of the work in which he was engaged at the time of his injury."

In *Great Northern R. Co. v. Industrial Comm.* 245 Wis. 375, 14 N. W. (2d) 152, we held that an employee who was a member of a crew repairing an ore dock was covered by the federal statute (as amended in 1939), although the dock was not in operation from December until April, during which time there would be no actual movement of any freight

over the dock for about four months from the date of the accident. And in that case we stated (p. 379):

"The 1939 amendment to the Federal Employers' Liability Act has broadened its scope, and the test as to whether an employee of a carrier is within the act in any particular case depends on whether any part of his duties as such employee shall be the furtherance of interstate or foreign commerce, or shall, in any way directly or closely and substantially, affect such commerce; if it does, such employee is within the protection of the act. In *Ermin v. Pennsylvania R. Co.* (D. C., E. D., N. Y., 1941) 36 Fed. Supp. 936, 940, the court said:

" 'This case involves the construction of the Federal Employers' Liability Act as amended by the act of congress, approved August 11, 1939. The court is informed that there are no reported decisions construing this amendment.

" 'The discussions in congress indicate that it was the intent of the lawmakers to bring within the scope of the Federal Employers' Liability Act all employees whose work at the time of injury was not in actual interstate transportation or a part of it, *but any part of whose work was in furtherance of interstate commerce, or in any way affected such commerce directly, closely, and substantially.*' "

In *Albright v. Pennsylvania R. Co.* 183 Md. 421, 37 Atl. (2d) 870, a railroad policeman, employed to guard cars at defendant's terminal and prevent theft of goods therefrom, was fatally injured. In holding that the employee was engaged in interstate commerce, although he was not engaged in actual transportation or work closely related to it, the court said (p. 426):

"On August 11, 1939, congress enacted the following amendment to the Federal Employers' Liability Act: [Quoting amendment.] . . . By this act the congress broadened considerably the Federal Employers' Liability Law. Before its passage the employee of the carrier was required to be engaged in duties involving actual transportation, or his work must have been so closely related to it as to be practically a part of it. . . . Under this act it is provided that the benefits of the Federal Employers' Liability Act shall

apply to : 'Any employee of a carrier, *any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce.'* "

To the same effect are the following cases : *Scarborough v. Pennsylvania R. Co.* 154 Pa. Super. Ct. 129, 35 Atl. (2d) 603 ; *Griffith v. Gardner,* 358 Mo. 859, 217 S. W. (2d) 519 ; *Shelton v. Thomson* (7th Cir.), 148 Fed. (2d) 1 ; *Patsaw v. Kansas City Southern R. Co.* (D. C. La.), 56 Fed. Supp. 897 ; *Harris v. Missouri Pacific R. Co.* 158 Kan. 679, 149 Pac. (2d) 342 ; *Rainwater v. Chicago, R. I. & P. R. Co.* 207 La. 681, 21 So. (2d) 872 ; *Prader v. Pennsylvania R. Co.* 113 Ind. App. 518, 49 N. E. (2d) 387 ; *Baird v. New York Central R. R. Co.* 299 N. Y. 213, 86 N. E. (2d) 567 ; *Zimmermann v. Scandrett* (D. C.), 57 Fed. Supp. 799 ; *Ermin v. Pennsylvania R. Co.* (D. C.), 36 Fed. Supp. 936. The solicitation by railroad employees of interstate freight and passenger business has been recognized as part of interstate transportation. *McCall v. California,* 136 U. S. 104, 10 Sup. Ct. 881, 34 L. Ed. 391 ; *Davis v. Farmers Co-operative Equity Co.* 262 U. S. 312, 43 Sup. Ct. 556, 67 L. Ed. 996. In the *McCall Case, supra,* the court stated, in relation to an employee so engaged (p. 109),—

"His employment was limited exclusively to inducing persons in the state of California to travel from that state into and through other states to the city of New York. To what, then, does his agency relate except to interstate transportation of persons? Is not that as much an agency of interstate commerce as if he were engaged in soliciting and securing the transportation of freight from San Francisco to New York City over that line of railroad? If the business of the . . . railroad company in carrying passengers by rail between Chicago and New York and intermediate points, in both directions, is interstate commerce, as much so as is the carrying of freight, . . ."

Likewise in *Davis v. Farmers Co-operative Equity Co., supra,* the court stated (p. 315) :

"Solicitation of traffic by railroads, in states remote from their lines, is a recognized part of the business of interstate transportation."

The work which Kettner was engaged in performing as an employee of the Great Northern Railway Company, in soliciting as freight for interstate shipments by his employer the very things which, as freight, were to be moved in interstate commerce, was clearly in furtherance of such commerce and as substantially part thereof as the other types of work which, in the cases cited above, were held to be in furtherance of interstate commerce. The freight might move on the day Kettner called on the shipper, but even if no freight was in actual transit as the result of his solicitation on the day he was injured, the work he was engaged in was clearly intended to be in furtherance of and directly affected interstate commerce.

The case of *Holl v. Southern Pacific Co.* (D. C.), 71 Fed. Supp. 21, is distinguishable from the situation in the case at bar. The injured employee was an assistant distribution clerk in a freight-claim department, whose only duty was to write on a form the route over which freight, on which a claim for loss or damage was being made, had traveled. In holding that she was not engaged in interstate commerce, the court said (pp. 23, 25):

"The plaintiff had nothing to do with the allowance of the claim, or distributing it to the carriers. Her work was one of a chain of acts, which finally resulted in the allowance of the claim. It involved no exercise of discretion, and was in no way a part of interstate commerce or in furtherance of it. . . . But the movement of trains in interstate commerce is not dependent on freight claims."

*By the Court.*—Judgment affirmed.