No. 45,684

ZELMA GOWAN, *Appellant*, v. HARRY BUTLER & SONS FUNERAL HOME, *Respondent-Appellee*, (and) HARTFORD ACCIDENT & INDEMNITY COMPANY, *Insurance Carrier-Appellee*.

(460 P. 2d 606)

Opinion filed November 8, 1969.

*Richmond M. Enochs*, of Overland Park, argued the cause and was on the brief for the appellant.

*Walter Fuller, Jr.*, of Kansas City, argued the cause and was on the brief for respondent and insurance carrier, appellees.

The opinion of the court was delivered by

FONTRON, J.: The claimant and appellant herein, Zelma K. Gowan, seeks compensation for injuries sustained in two accidental falls, both allegedly occurring in the course of her employment with the respondent, Harry Butler & Sons Funeral Home. Compensation was allowed for the injuries resulting from the first fall, which occurred March 5, 1966, and there is no dispute concerning that allowance or the amount thereof. However, Mrs. Gowan's claim for compensation for injuries sustained in her second fall, on September 20, 1966, was denied and this denial forms the basis of her appeal.

Mrs. Gowan began working for the funeral home in October of 1964. Her duties were to answer the phone at all hours; to answer the doorbell and meet people who came to the door; to do dusting and light cleaning; and to keep the chapel clean and presentable for funeral services. When Mr. Butler and members of his staff were absent, which was more than 50 per cent of the time, Mrs. Gowan represented the Butlers at the funeral home. One of the specific

requirements of claimant's employment was that she be neat and presentable at all times. As compensation for her services the claimant was paid a salary of $120 per month and was provided an apartment in the mortuary building for herself and her husband, the agreed rental value of which was $80 per month.

The second accident—that of September 20—occurred in this fashion: While dusting and polishing some tables, Mrs. Gowan spilled some furniture polish on her dress; because her dress was soiled she went to her apartment to change dresses not wanting to answer the door wearing a dirty dress; as she unzipped her dress and attempted to step out of it, her left leg, which had been broken in the first fall, crumpled under her, causing her to fall and break her right hip.

In this appeal the claimant makes two contentions: First, that the second injury, i. e., her broken right hip, arose out of and in the course of her employment with the respondent, and second, that the second injury, occurring in September, is compensable as having proximately resulted from the prior injury received in March. Both contentions have so far been rejected.

As we proceed to a discussion of claimant's first point, we pause to note that the examiner, in denying an award for the September injury, and the director, in approving the examiner's action, each based his action on the decision of this court in *Holloway v. Consolidated Gas, Oil & Mfg. Co.*, 152 Kan. 129, 102 P. 2d 987. We assume this was also the basis on which the trial court adopted the examiner's findings.

In our judgment, the reach of our holding in Holloway has been misunderstood. Holloway was an oil field pumper who, as part of his compensation, was furnished a house on the lease where he worked and was required to live. On a cold December morning he arose at 4:30 and started a fire in the family heating stove. In some unexplained manner his clothing became ignited and he was fatally burned. His widow made claim for compensation.

The disputed point in that case was whether Mr. Holloway's death resulted from an accident arising out of and in the course of his employment. The trial court denied the widow's claim for compensation and its judgment was upheld on appeal.

We believe there is a crucial distinction between the facts in *Holloway* and the facts surrounding claimant's injury in September.

In attempting to change her dress, Mrs. Gowan was not acting for her own personal comfort and well being; her purpose was to comply with one of the conditions of her employment, i. e., that she keep herself neat and clean at all times. This no doubt was an important requirement set by her employer, for the duties assigned to her included answering the door, showing people through the home and discussing matters with them. As Mrs. Gowan phrased it in her testimony: "when he [Mr. Butler] isn't there, then I have to answer the door and I represent the Butlers which I answer the door so I have to be presentable, that's what we are getting at."

Mr. Butler testified that Mrs. Gowan's "job is to be on duty, to answer the phone, greet people at the door . . ."; that there "would be somebody stopping by to, oh, pick up some thank you cards or pay a funeral bill or just for general information." In addition, he corroborated Mrs. Gowan's testimony that she was required to look neat and presentable at all times.

The terms of the claimant's employment also distinguishes this case from *Schooley v. Swanson*, 147 Kan. 758, 78 P. 2d 858, where the employee, who lived in a house provided by his employer, cut himself while chopping wood with which to cook the evening meal. Compensation was denied in *Schooley* on the basis that the cooking of the meal and the providing of fuel therefor were not part of the workman's employment, but that such activities were solely for the employee's personal benefit and not incidental to his employment.

No extended discussion is required at this late date as to the meaning of the terms "arising out of the employment" and "in the course of employment." Both phrases were amply pondered and defined in *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197, to which reference is hereby made. Under the authority of *Pinkston* and kindred cases, we believe the uncontradicted evidence establishes that Mrs. Gowan's injuries, sustained in the second accident of September 20, arose out of and in the course of her employment with the respondent, Harry Butler & Sons Funeral Home. (See, also, *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818; *Roth v. Hudson Oil Co.*, 185 Kan. 576, 345 P. 2d 627 and authorities cited therein.)

We have found no case factually identical to the present one. However, the circumstances in *Brandner v. Myers Funeral Home*, 330 Mich. 392, 47 N. W. 2d 658 bear some resemblance. There,

the claimant was employed as a receptionist at the funeral home, her duties including the answering of the telephone and doorbell. On the date of her accident she was required to stay nights at the home while her employer's family was on vacation. About 11 o'clock one evening after taking a bath, she had stepped from the tub to a small rug when the telephone rang. As she reached for her housecoat, intending to answer the call, the rug slipped and she fell, breaking her hip.

The defendant contended that her injury was the direct result of taking a bath, which she could have done at her own home; and that there was no causal connection between her injury and her work; that she was doing nothing for her employer's benefit but was engaged on a mission personal to herself. This contention was rejected by the Michigan court which wisely decided that accidental injury befell plaintiff while she was performing one of her duties of employment, namely, answering the phone. In the course of its decision the court quoted from *Anderson v. Kroger Grocery Co.*, 326 Mich. 429, 432, 40 N. W. 2d 209:

"An injury arises out of and in the course of the employment when it occurs while engaged in the duties of the employment and it has a rational causal connection to the work. . . ."

In the case at bar Mrs. Gowan accidentally fell and broke her right hip as she was attempting to change into a clean dress from a dirty dress which had become soiled while she was at work. Her fall occurred during working hours when she was still on call, and at a time when she was required to be neat and clean in appearance in anticipation of meeting business guests. Under these circumstances we entertain no doubt that her second injury, *i. e.*, her broken right hip, is causally related to her employment. Because of this conclusion we need not consider the second point raised by the claimant.

So much of the judgment of the trial court which denies claimant compensation for her injuries arising out of the second accident occurring on September 20, 1966, is reversed. In other respects the judgment is affirmed. This cause is remanded to the trial court with directions to proceed in accordance with the views herein expressed.

SCHROEDER, J., dissenting: The workmen's compensation act does not transform all employers covered by the act into absolute insurers of the safety of their employees.

Employees whose duty it is to meet the public in the course of their employment are hired because they are neat and clean in their personal habits, thereby making them presentable to the public. To make *an issue* of the fact that the claimant herein was to look neat and presentable at all times does violence to the workmen's compensation act.

Under the court's holding most any employee in covered employment who meets the public in his daily work could claim compensation if he sustained an accident in his own home while bathing or grooming himself for work.

The fact that the accident resulting in the second injury to the claimant occurred in the claimant's apartment located on the employer's premises does not in and of itself give rise to liability under the act. (*Holloway v. Consolidated Gas, Oil & Mfg. Co.,* 152 Kan. 129, 102 P. 2d 987; and *Schooley v. Swanson,* 147 Kan. 758, 78 P. 2d 858.)

It is respectfully submitted the judgment of the lower court should be affirmed.

PRICE, C. J., joins in the foregoing dissent.