RUBEN JAUREGUI, Employee, Plaintiff v. CAROLINA VEGETABLES, Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. 9210IC1173

(Filed 16 November 1993)

1. **Master and Servant § 94 (NCI3d) — workers' compensation — requirement that Commission make own findings and conclusions**

    The full Industrial Commission failed to carry out its duties under N.C.G.S. § 97-85 by not making its own findings of fact and conclusions to support its disposition of a workers' compensation claim.

    **Am Jur 2d, Workers' Compensation §§ 602, 612, 615, 616.**

2. **Master and Servant § 60.1 (NCI3d) — workers' compensation — living facilities provided by employer — employee not on call — injury while exiting shower not compensable**

    The "bunkhouse" rule did not apply and plaintiff farmworker was therefore not entitled to workers' compensation benefits for injuries he sustained when he allegedly slipped on a piece of soap while exiting the shower at living facilities provided by the employer, since the employee was not continuously on call; the connection between plaintiff's employment and his injury was not sufficient to establish that the injury arose out of and in the course of his employment; plain-

tiff's injury did not take place where his duties were calculated to take him; and plaintiff was not engaged in an activity which was calculated to further, directly or indirectly, his employer's business.

**Am Jur 2d, Workers' Compensation § 274.**

Appeal by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 1 July 1992. Heard in the Court of Appeals 20 October 1993.

*Farmworkers Legal Services of North Carolina, by Maureen A. Sweeney, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, by M. Andrew Avram, for defendants-appellees.*

WELLS, Judge.

As a result of plaintiff's claim for compensation under the Workers' Compensation Act, Chapter 97 of the North Carolina General Statutes, a hearing was held before Deputy Commissioner Scott M. Taylor. Following the hearing, Deputy Commissioner Taylor entered an opinion and award denying plaintiff's claim.

Deputy Commissioner Taylor's opinion and award recognized that plaintiff was injured by accident while employed by defendant Carolina Vegetables. The opinion and award contained the following:

FINDINGS OF FACT

1. On 21 June 1990, plaintiff was a 24-year-old man, who was employed by defendant-employer harvesting vegetables. Plaintiff's duties with defendant-employer included picking cucumbers.

2. During the time that plaintiff was employed by defendant-employer, defendant-employer provided plaintiff with free housing in one of their migrant labor camps.

3. Plaintiff testified that on 21 June 1990, he picked cucumbers all day, and got off work at 6:00 p.m. Plaintiff then returned to the migrant labor camp. Plaintiff testified that after he showered, he walked down the steps outside the shower and slipped. When he slipped, plaintiff testified that he saw a little piece of soap. Plaintiff was wearing sandals when he slipped.

Plaintiff also testified that his weight came down on his left knee when he slipped. Plaintiff subsequently underwent arthroscopic surgery for a medial condylar defect and a medial meniscal tear.

4. The undersigned, however, does not accept plaintiff's testimony as credible, based upon the inconsistencies in plaintiff's testimony and the testimony given by other witnesses and through stipulations.

5. Following his duties with defendant-employer, even though defendant-employer provided on-sight housing, plaintiff was not required to be on the premises, nor was he continuously on call following the end of the workday. At the end of the workday, plaintiff could come and go as he pleased.

6. Plaintiff was free to take a shower or not take a shower any time that he wished following his working hours.

7. Showering was not part of plaintiff's job duties.

8. Plaintiff did not deal in any way with the general public, and did not participate in any way with sales or promotions.

9. Since plaintiff's testimony is not credible, however, plaintiff did not prove that any injury which he may have sustained on or about 21 June 1990 resulted from an interruption of his normal work routine likely to result in unexpected consequences.

★ ★ ★ ★ ★ ★ ★ ★ ★ ★

The foregoing findings of fact and conclusions of law engender the following additional

### CONCLUSIONS OF LAW

1. On or about 21 June 1990, plaintiff did not sustain any injury as the result of an interruption of his normal work routine likely to result in unexpected consequences; therefore, any injury sustained by plaintiff on or about 21 June 1990 did not arise out of or in the course of plaintiff's employment with defendant-employer. G.S. § 97-2(6).

2. Plaintiff's claim is not, therefore, compensable under the provisions of the North Carolina Workers' Compensation Act.

Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following

ORDER

1. Under the law, plaintiff's claim must be, and the same is hereby DENIED.

. . .

On appeal to the Full Commission, the 1 July 1992 opinion and award was entered with the following disposition:

The undersigned have reviewed the record with reference to the errors alleged and find no adequate ground to amend the award.

In view of the foregoing, the Full Commission ADOPTS as its own the Opinion and Award as filed.

[1] In his first argument on appeal to this Court, plaintiff contends that the Commission failed to carry out its statutory duties pursuant to N.C. Gen. Stat. § 97-85 by not making its own findings of fact and conclusions to support its disposition of plaintiff's claim. We agree. Despite the failure of the Commission to make its own findings and conclusions, for the reasons we shall state, we discern no prejudice to plaintiff.

[2] In another argument, plaintiff contends that Deputy Commissioner Taylor's opinion and award did not make findings of fact sufficient to resolve the issues presented by plaintiff's evidence, particularly with respect to the conditions of plaintiff's employment and the circumstances of his accidental injury. Again, we agree but discern no prejudice.

For the sake of resolving this aspect of plaintiff's appeal, we shall treat plaintiff's testimony as true. The record reveals that after hearing a radio advertisement by Carolina Vegetables, plaintiff left his home in Mexico and traveled to Brownsville, Texas, where he met an agent of Carolina Vegetables, Damian Cruz, who told him that Carolina Vegetables was seeking farm workers. Mr. Cruz said the job paid $3.85 per hour and Carolina Vegetables would provide housing. Plaintiff testified that he would not have accepted the job had housing not been provided. Mr. Cruz brought 32 farm workers, including plaintiff, to Carolina Vegetables' labor camp located in Duplin County where plaintiff was employed by

Carolina Vegetables to hand-harvest crops. Showering facilities are provided by Carolina Vegetables, and employees are free to take showers as they wish. Plaintiff testified that on 21 June 1990 he picked cucumbers until 6:00 p.m. and returned to the labor camp to shower. Plaintiff testified that after he showered, as he walked down the steps outside the shower, he slipped on a little piece of soap.

This evidence raises the question of whether plaintiff's injury arose out of his employment and occurred in the course of his employment as N.C. Gen. Stat. § 97-2(6) requires. The words "out of" refer to the origin or cause of the accident, and the words "in the course of" refer to the time, place, and circumstances under which the accident occurred. *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E.2d 570 (1962). The "course of employment" and "arising out of employment" tests should not be applied entirely independently; they are both parts of a single test to determine the connection between injury and employment. *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E.2d 577 (1976).

> A claimant is injured in the course of employment when the injury occurs during the period of employment at a place where an employee's duties are calculated to take him, and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business.

*Powers v. Lady's Funeral Home*, 306 N.C. 728, 295 S.E.2d 473 (1982).

Using *Bass*, *Watkins*, and *Powers* as his springboard, plaintiff urges us to agree with him that the "bunkhouse" rule comports with North Carolina law and thus entitles plaintiff to an award. The "bunkhouse" rule provides:

> When an employee is required to live on the premises, either by his contract of employment or by the nature of his employment, and is continuously on call (whether or not actually on duty), the entire period of his presence on the premises pursuant to this requirement is deemed included in the course of employment. However, if the employee has fixed hours of work outside of which he is not on call, compensation is awarded usually only if the course of the injury was a risk associated with the conditions under which claimant lived because of the requirement of remaining on the premises.

1A Arthur Larson, The Law of Workmen's Compensation, § 24.00, at 5-234 (1993). We cannot agree that such a rule comports with North Carolina law.

In *Watkins*, plaintiff was employed by the City of Wilmington as a firefighter. Plaintiff worked 24 hour shifts followed by 24 hours when he was off duty. When on duty, plaintiff slept and ate at the fire station. Plaintiff was injured on duty while making minor repairs to a co-employee's automobile during their lunch hour. This Court affirmed the opinion and award of the Industrial Commission granting plaintiff compensation. In affirming the decision of this Court, our Supreme Court stated:

> Acts of an employee for the benefit of third persons generally preclude the recovery of compensation for accidental injuries sustained during the performance of such acts, usually on the ground they are not incidental to any service which the employee is obligated to render under his contract of employment, and the injuries therefore cannot be said to arise out of and in the course of the employment. . . . However, where competent proof exists that the employee understood, or had reasonable grounds to believe that the act resulting in injury was incidental to his employment, or such as would prove beneficial to his employer's interests or was encouraged by the employer in the performance of the act or similar acts for the purpose of creating a feeling of good will, or authorized so to do by common practice or custom, compensation may be recovered, since then a causal connection between the employment and the accident may be established.

*Watkins, supra.* The Court found there to be competent evidence to support the findings that minor repairs to personal automobiles benefitted the fire department because, by keeping their automobiles in working order, the firefighters could use them to report to duty in case of an emergency.

In *Bass*, plaintiff was employed at the Mecklenburg County Home as a licensed practical nurse and lived on the premises. Plaintiff worked from 7 a.m. until 7 p.m. six days per week. Approximately 20 minutes before her shift was to begin, plaintiff left her room to report to work and while on her way to the main building, she slipped and broke her hip. In affirming the award and holding that plaintiff's injury arose out of and in the course of her employment, our Supreme Court found that

one, if not the main, purpose of defendant's maintaining a nurses' home on the premises was to secure the proximity of the nurses to the main building in which those under their care lived, so that they would be close by when on duty, and might quickly respond to a call, if needed, at other than regular hours of work. It is manifest that claimant's leaving her home some twenty minutes before she was to go on duty at 7:00 a.m. was required in the efficient performance of her duties of employment to get the reports of the night nurse, so that she could adequately care for those people defendant employed her to nurse.

In *Powers*, plaintiff was employed by Lady's Funeral Home as a mortician and embalmer. On the day plaintiff was injured, he began work at 8:00 a.m. and was to remain at the funeral home or at home on call until 8:00 a.m. the next day. At 2:30 a.m., after embalming a body, plaintiff returned home to shower. Plaintiff was injured when his automobile rolled down the driveway and struck him. The Industrial Commission denied the claim, and this Court affirmed the opinion and award of the Industrial Commission. Our Supreme Court reversed based on the fact that plaintiff's employer required him while on call to shower and change his clothes after embalming a body because plaintiff's personal appearance was intimately related to his employment.

In this case, plaintiff was not continuously on call, and, although the nature of his employment arguably required that he live on the premises, at the time of his injury he was not on call. Therefore, the connection between plaintiff's employment and his injury is not sufficient to establish that the injury arose out of and in the course of plaintiff's employment. Plaintiff's injury did not take place where his *duties* were calculated to take him. The circumstance of residing in quarters furnished by his employer does not translate *ipso facto* into a duty of plaintiff to be there after working hours. Neither was plaintiff engaged in an activity (taking a shower) which was calculated to further, directly or indirectly, his employer's business. It is clear, therefore, that none of the cases plaintiff relies on suggests that there is any precedent in this jurisdiction for us to follow the "bunkhouse" rule, and that without the benefit of that rule, plaintiff cannot prevail.

Affirmed.

Chief Judge ARNOLD and Judge JOHNSON concur.