NORWOOD GLENN POWERS, EMPLOYEE, PLAINTIFF v. LADY'S FUNERAL HOME, EMPLOYER, AND AMERICAN EMPLOYERS INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 326A82

(Filed 5 October 1982)

**Master and Servant §§ 55.6, 62— workers' compensation—journey to and from work—special errand—errand not completed upon return to own property**

Where plaintiff mortician was injured when his automobile rolled over him once he had returned to his home after completing a special errand for his employer, his injury was covered under the Workers' Compensation Act. After embalming a body, plaintiff was required by his employer to shower and change his clothes in preparation for another call. This requirement was a condition of and incident to his employment and, because shower and change facilities were not available on the premises, this requirement necessitated his returning home from time to time to remove the embalming fluid odor from his person. Under these circumstances, plaintiff's personal appearance was intimately related to his employment and, at least until such time as he had completed his preparations for another call, he remained on duty.

Justice MARTIN took no part in the consideration or decision of this case.

CLAIMANT appeals pursuant to G.S. § 7A-30(2) from a decision of the North Carolina Court of Appeals, 57 N.C. App. 25, 290

S.E. 2d 720 (1982), affirming the Industrial Commission's denial of an award of compensation for injuries he sustained while returning to his home from a late night call made on behalf of his employer. The sole question presented for our determination is whether this claimant's injury arose out of and in the course of his employment. We hold that it did.

*Williams, Willeford, Boger, Grady & Davis, P.A. by Brice J. Willeford, Jr., Samuel F. Davis, Jr., and Dan A. Boone, Attorneys for plaintiff-appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe by Hatcher Kincheloe, Attorney for defendant-appellees.*

MEYER, Justice.

The facts of the case are not in dispute. The claimant, Norwood Glenn Powers, was employed by Lady's Funeral Home as a mortician and embalmer. On 29 July 1978, Mr. Powers began his employment at 8:00 a.m. He was to remain at the Funeral Home or on call at home until 8:00 a.m., the following morning. His duties included visiting the families of the deceased, making funeral arrangements, and embalming bodies. Apart from a one-hour break for supper, Mr. Powers worked at the Funeral Home until 10:30 p.m. on 29 July, when the night man arrived. The night man was not an embalmer. Thus during the remainder of Mr. Powers' shift, he was required to remain at home ready to respond should his services be necessary during the night. During this time he could not leave home, was to respond immediately to a phone call from the Funeral Home and, according to his employer, his "duties would not have ceased on this occasion until 8:00 the next morning . . . . "

Mr. Powers received a call from the night man at about midnight. He immediately dressed, drove to the Funeral Home where he picked up the Funeral Home vehicle, and called on the family of the deceased. He then returned to the Funeral Home to embalm the body. He arrived back at his home at approximately 2:30 a.m. and parked his automobile in the driveway which inclined toward the back door of his home. The automobile rolled down the incline and struck him as he approached the house, knocking him through the door, breaking both of his legs and crushing his ankles.

At the hearing before the Deputy Commissioner, Mr. Powers testified, and the Commissioner found as facts, that after embalming a body it was necessary for Mr. Powers to change clothes and shower; that there were no facilities available at the Funeral Home for this purpose; and that "[u]pon completion of embalming the decedent, the claimant left the funeral home in his personal vehicle in order to return home, shower and await any further calls."

In denying the award, the Deputy Commissioner found that the claimant's injury was sustained by accident, but that, although the journey in response to the call qualified as a special errand, "the journey itself only begins from the time the claimant physically leaves his property or premises . . . and [the journey] only continues thereafter until the claimant physically returns to his property or premises upon completion of his duties, in this case at the time he actually left the public street or highway located adjacent to his residence and was again physically present on his property." The Full Commission affirmed, with one commissioner dissenting. The dissent by Commissioner Coy Vance concluded that "[p]laintiff was on a mission for his employer and had not completed said mission by showering after embalming the body." In an opinion by the Court of Appeals, a majority of the panel adopted the reasoning of the Deputy Commissioner who made the initial findings, conclusions, and award, and affirmed the Full Commission.

In order to justify an award of compensation, a claimant must prove that his injury was caused by an accident; that the injury arose out of the employment; and that it occurred in the course of the employment. G.S. § 97-2(6). A claimant is injured in the course of employment when the injury occurs during the period of employment at a place where an employee's duties are calculated to take him, and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. *Clark v. Burton Lines*, 272 N.C. 433, 158 S.E. 2d 569 (1968); *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957); *Hinkle v. Lexington*, 239 N.C. 105, 79 S.E. 2d 220 (1953).

It is a general rule in this and other jurisdictions that an injury by accident occurring en route from the employee's

residence to his workplace or during the journey home is not one that arises out of or in the course of employment. *Humphrey v. Quality Cleaners*, 251 N.C. 47, 110 S.E. 2d 467 (1959); *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862; *McLamb v. Beasley*, 218 N.C. 308, 11 S.E. 2d 283 (1940). Equally as well recognized as the general rule is the "special errand" exception, *see Massey v. Board of Education*, 204 N.C. 193, 167 S.E. 695 (1933), and 1A Larson, The Law of Workmen's Compensation § 16.10 (1978), which permits coverage of the employee from "portal to portal."

Our research discloses no North Carolina case in which this Court has addressed or interpreted the portal to portal rule,[1] nor do we find it necessary under the present facts to do so here. We hold that while Mr. Powers' journey qualified as a special errand on this particular occasion, his duties did not end at the conclusion of his journey. After embalming a body, claimant was required by his employer to shower and change his clothes in preparation for another call. This requirement was a condition of and incident to his employment and, because shower and change facilities were not available on the premises, this requirement necessitated his returning home from time to time (irrespective of whether the embalming occurred during regular working hours or in response to a night call) to remove the embalming fluid odor from his person. *Gowan v. Harry Butler & Sons Funeral Home*, 204 Kan. 210, 460 P. 2d 606 (1969). Not only did the nature of his embalming work give rise to the odor, but the nature of his responsibilities to the family and friends of a deceased made it imperative that he be free of the odor.

Under the circumstances, Mr. Powers' personal appearance was intimately related to his employment and, at least until such time as he had completed his preparations for another call, he remained on duty. The injury by accident occurred in the course of his employment and because the conditions and obligations of the employment required this claimant to be at a place where the accident occurred, subjecting him to additional risks incident

---

1. Judge (now Justice) Harry C. Martin, in his dissenting opinion in the case before us, rejected the "bright line" interpretation of the portal to portal rule, whereby "certainty is achieved at the expense of justice." 57 N.C. App. 25, 31, 290 S.E. 2d 720, 724. This view was subsequently adopted by the Court of Appeals in *Felton v. Hospital Guild*, 57 N.C. App. 33, 291 S.E. 2d 158 (1982), in an opinion authored by Judge Martin.

thereto, the injury arose out of the employment. *Clark v. Burton Lines*, 272 N.C. 433, 158 S.E. 2d 569; *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862. Claimant has satisfied the conditions entitling him to an award of compensation. We therefore reverse the decision of the Court of Appeals and remand to that court for further remand to the Industrial Commission for a determination of an appropriate award.

Reversed and remanded.

Justice MARTIN took no part in the consideration or decision of this case.