STERLING J. ROYSTER, Employee v. CULP, INCORPORATED, Employer

No. 353PA95

(Filed 10 May 1996)

1. **Workers' Compensation § 141 (NCI4th)— "coming and going" rule**

Under the "coming and going" rule applicable in this state, an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment. A limited exception to this rule applies when an employee

ROYSTER v. CULP, INC.

[343 N.C. 279 (1996)]

is injured when going to or coming from work but is on the employer's premises.

**Am Jur 2d, Workers' Compensation §§ 296-310.**

**Workers' compensation: coverage of injury occurring in parking lot provided by employer, while employee was going to or coming from work. 4 ALR5th 443.**

**Workers' compensation: coverage of injury occurring between workplace and parking lot provided by employer, while employee is going to or coming from work. 4 ALR5th 585.**

2. **Workers' Compensation § 154 (NCI4th)— employer-owned parking lot—injury while crossing public highway—non-compensable injury**

An employee injured when he was struck by a car while attempting to walk across a public highway that separated his place of employment from a parking lot owned and operated by defendant employer did not sustain an injury by accident arising out of and in the course of his employment with defendant where defendant did not own or control the public highway on which plaintiff employee was injured, and plaintiff was not performing any duties for defendant at the time of the injury and was not exposed to any greater danger than that of the public generally.

**Am Jur 2d, Workers' Compensation § 310.**

Justice WHICHARD dissenting.

Justice WEBB joins in this dissenting opinion.

Justice FRYE did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 119 N.C. App. 598, 459 S.E.2d 65 (1995), reversing an opinion and award of the Industrial Commission entered 10 May 1994. Heard in the Supreme Court 11 March 1996.

*J. Rufus Farrior, P.A., by J. Rufus Farrior, for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, L.L.P., by Caroline H. Lock and Christine T. Nero, for defendant-appellant.*

**ROYSTER v. CULP, INC.**

[343 N.C. 279 (1996)]

MITCHELL, Chief Justice.

Plaintiff-employee, Sterling Julius Royster, was injured on 23 October 1991 when he was struck by a car while attempting to walk across a public highway that separated his place of employment from a parking lot which was owned and operated by defendant-employer, Culp, Inc. Deputy Commissioner Jan N. Pittman issued an opinion and award concluding that plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant. The Industrial Commission affirmed the Deputy Commissioner's opinion and award on 10 May 1994. Plaintiff appealed to the Court of Appeals, which, in a unanimous opinion, reversed the Commission. On 5 October 1995, this Court allowed defendant's petition for discretionary review.

On appeal, defendant contends that the Court of Appeals erred in allowing compensation for injuries sustained as a result of street risks while the employee was crossing a public street not owned or controlled by his employer. We agree and reverse the Court of Appeals.

An injury must arise out of and in the course of employment in order to be compensable under the Workers' Compensation Act. N.C.G.S. § 97-2(6) (1991). The determination of whether an accident arises out of and in the course of employment is a mixed question of law and fact, and this Court may review the record to determine if the Industrial Commission's findings and conclusions are supported by sufficient evidence. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E.2d 529 (1977).

[1] The general rule in this state is that an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment. *Barham v. Food World, Inc.*, 300 N.C. 329, 266 S.E.2d 676 (1980). This is known as the "coming and going" rule. A limited exception to the "coming and going" rule applies when an employee is injured when going to or coming from work but is on the employer's premises. *Id.*

The Court of Appeals, relying on *Hunt v. State*, 201 N.C. 707, 161 S.E. 203 (1931) (holding that injuries sustained while an employee is traveling to his place of employment and is on the employer's premises are covered under the Workers' Compensation Act), and

*Mauer v. Salem Co.*, 266 N.C. 381, 146 S.E.2d 432 (1966) (holding that parking lots owned and maintained by the employer are considered to be on the employer's premises), concluded that plaintiff in this case was injured while traveling to his place of employment on the employer's premises. The Court of Appeals failed, however, to cite or discuss *Barham*, the most recent Supreme Court precedent dealing with the issue arising in this case. In *Barham*, this Court denied compensation to a grocery store employee who was injured when she slipped and fell on ice in a loading zone in front of the employer's store in a shopping center. The employee was walking to her work site after parking her car in the shopping center parking lot. The employer did not own the parking lot or the loading zone, but the lease gave it access to the entire parking lot of the shopping center for use by the employer's customers and employees. This Court emphasized that the employer did not own, maintain, or provide control over the parking lot and that the employee was not performing any duties of her employment at the time of the injury, so she was not exposed to any danger greater than that of the general public. 300 N.C. at 333-34, 266 S.E.2d at 679-80.

[2]  The present case is analogous to *Barham* because defendant did not own or control the public street on which plaintiff was injured. Furthermore, as in *Barham*, plaintiff was not performing any duties for defendant at the time of the injury and was not exposed to any greater danger than that of the public generally.

*Hardy v. Small*, 246 N.C. 581, 99 S.E.2d 862 (1957), relied upon by the Court of Appeals, is also distinguishable. In *Hardy*, a thirteen-year-old boy was killed while crossing a public highway to go to his home after laboring at his employer's barn. The employer's farm included the land on both sides of the highway. The employee lived in a farmhouse on the employer's property, across a public highway from the employer's barn. The employer provided housing to the employee and his family rent-free so that the members of the family would be available at various times of the day and night to assist with farm chores and emergencies. The employee was struck on the highway while en route home from the barn after tending to the animals. In holding that the death was compensable in *Hardy*, this Court emphasized the fact that feeding the livestock was a part of the operation of the farm as a whole, such that the trip across the farm between the area of the house and the barn, including the public highway, could reasonably be considered within the terms of the boy's employment:

ROYSTER v. CULP, INC.

[343 N.C. 279 (1996)]

The fact that he was injured while in such employment and on a mission for his employer affords sufficient factual basis for the determination that his injury arose out of and in the course of his employment.

*Id.* at 586, 99 S.E.2d at 867.

The *Hardy* decision falls within the "special errand" exception to the "coming and going" rule. Under the "special errand" exception, an injury caused by a highway accident is compensable if the employee at the time of the accident is acting in the course of his employment and in the performance of some duty, errand, or mission thereto. *See Powers v. Lady's Funeral Home*, 306 N.C. 728, 295 S.E.2d 473 (1982). Hardy was "on a mission for his employer." In addition, Hardy lived on his employer's premises, and the employer furnished the house to the employee's family so they could be constantly available for work. Unlike Hardy, plaintiff in this case was not on a mission or "special errand" for defendant, and he did not reside on defendant's premises for the benefit of his employer.

Since the injury sustained by plaintiff here did not occur on the employer's premises, and plaintiff has failed to bring his case within any exception to the "coming and going" rule, we conclude that plaintiff did not suffer an injury arising out of and in the course of his employment. Therefore, the injury was not compensable under the Workers' Compensation Act.

The decision of the Court of Appeals is reversed, and this case is remanded to that court for further remand to the Industrial Commission for reinstatement of its opinion and award.

REVERSED.

Justice FRYE did not participate in the consideration or decision of this case.

Justice WHICHARD dissenting.

I disagree with the majority's interpretation and application of *Hardy*. There the employer provided housing for the employee in a location that necessitated the employee's crossing a public highway, not under the employer's ownership or control, in order to perform

the tasks of the employment. Here the employer provided parking for the employee in a location that equally necessitated the employee's crossing a public highway, not under the employer's ownership or control, in order to perform the tasks of the employment. In *Hardy* this Court, in allowing payment of workers' compensation, properly recognized that "[t]he fact that [the employee] had to *cross* the highway on his way to and from the farm constituted an additional hazard of his employment." *Hardy v. Small*, 246 N.C. 581, 586, 99 S.E.2d 862, 867 (1957). Here plaintiff encountered the identical "additional" hazard as he crossed the public highway separating the employer-owned parking lot from the workplace. The cases thus merit identical treatment for purposes of determining the employee's right to workers' compensation payments.

I also disagree with the majority's interpretation and application of *Barham*. There the employee slipped, fell, and was injured in a loading zone in front of her employer's store after parking in a shopping center parking lot. The employer owned or controlled neither the parking lot nor the loading zone. The employee therefore had not yet reached the employer's premises and thus had not entered the course of employment when she was injured. Here, by contrast, the employee was injured while moving between one portion of the employer's premises (the parking lot) and another (the workplace). An employee injured while going to and from work on premises owned or controlled by the employer is covered by the Workers' Compensation Act. *Barham v. Food World, Inc.*, 300 N.C. 329, 332, 266 S.E.2d 676, 679 (1980); *Maurer v. Salem Co.*, 266 N.C. 381, 382, 146 S.E.2d 432, 433-34 (1966). Defendant-employer's employees here who parked in the on-premises lots thus would recover for injuries sustained while going to and from the workplace after they had entered the lots. Both logic and fairness dictate that employees parking in the off-premises lot, which is also owned and controlled by the employer, be accorded the same treatment.

To so hold would accord with the majority rule in the country. See 1 Arthur Larson, *The Law of Workmen's Compensation* § 15.14(b) (1995) ("most courts . . . hold that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises"), and cases cited. It would also accord with the familiar rule that "the Workers' Compensation Act should be liberally construed so that its benefits are not denied by narrow, techni-

cal or strict interpretation." *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 98, 348 S.E.2d 336, 341 (1986).

I therefore vote to affirm the decision of the Court of Appeals, and I respectfully dissent.

Justice WEBB joins in this dissenting opinion.