In accord with the Opinion and Award of the North Carolina Court of Appeals, the 2 May 1995 Opinion and Award is hereby VACATED and REWRITTEN as follows:
Based on the competent evidence in the record, the Full Commission makes the following:
FINDINGS OF FACT
1. As of May 1993, plaintiff had been employed by defendant-employer approximately two years as a full-time cook at its Merrimon Avenue fast food restaurant. His job duties included making sandwiches, cooking, operating the cash register, receiving supplies whey they were delivered and cleaning up.
2. When plaintiff was hired, he received explicit instructions from the management of defendant-employer not to use the regular business parking lot, but to specifically use the parking lot located behind the building next door. In order to get to this parking area, it was necessary for employees to go down a steep stairway.
3. On 28 May 1993 plaintiff clocked out from work, went out the back door, which was the only exit out of the building, and was walking to his vehicle with a fellow employee. Plaintiff's vehicle was parked in the lot where employees were instructed to park. As plaintiff was walking down the stairs, which led to his designated parking area, he slipped and fell down several stairs, injuring his back. At the time, there was no handrail along the stairwell, and the individual stairs were rather short, such that when plaintiff placed his entire foot on a stair, half of his foot would remain hanging off of the stair.
4. The property, upon which defendant Backyard Burgers was located was owned by Herbert and June Coe of Tampa, Florida. Walden Partners, a development real estate business, was a ground lease tenant of this property, and parcel sublet a parcel to defendant-employer. The stairs upon which plaintiff sustained his back injury are not located on the premises sublet to defendant-employer.
5. Defendants did not own, maintain, or control the stairway or parking lot. Plaintiff was therefore not on the employer's premises at the time of injury. At the time of his injury, plaintiff was not performing any duties for defendant. Plaintiff's injury did not arise out of and in the course of his employment with defendant-employer.
* * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident on 28 May 1993 arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Royster v. Culp.Inc., 343 N.C. 279, 470 S.E.2d 30 (1996).
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act is, and under the law, must be DENIED.
2. Each side shall bear its own costs.
This the 17th day of July, 1997.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
BSB:jmf