The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Shaver Wood Products is a duly qualified self-insured with EBI acting as its servicing agent.
4. Plaintiff was not released to return to work until November 15, 1995 by his treating physician.
5. Plaintiff's medical records were stipulated into evidence as Exhibit One.
6. Plaintiff's permanent partial disability rating was stipulated into evidence as Exhibit Two.
7. The report of North Carolina State Highway Patrol Trooper M.W. Whitener was stipulated into evidence as Exhibit Three.
8. The issues before the Commission are: (i) whether plaintiff's head and hand injuries are compensable as a result of an injury by accident arising out of and within the course and scope of his employment with the defendant on or about September 25, 1995; (ii) if so, what compensation, if any, is due the plaintiff; (iii) whether plaintiff is entitled to attorney's fees.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was twenty-four years old and began his employment with the defendant-employer on or about August 22, 1995. Plaintiff was employed to work in the chip mill.
2. Plaintiff was paid an hourly wage of $6.25 and earned an average weekly wage of $235.00, which yields a compensation rate of $156.67.
3. Plaintiff normally reported to work at approximately 6:45 a.m. in order to help open the business.
4. On September 25, 1995, plaintiff rode a motorcycle to work. Plaintiff turned from Highway 70 onto a private access road which led to the entrance of defendant-Shaver Wood Products. Normally, a gate at the entrance to Shaver Wood Products would be open; however, the gate was closed on September 25, 1995. Plaintiff did not see the closed gate, and as a result, plaintiff collided with the gate and was thrown over the gate into the business parking lot.
5. Paint from defendant's gate was found on plaintiff's motorcycle.
6. Co-workers found plaintiff unconscious on the ground. Plaintiff was transported to the emergency room of Rowan Memorial Hospital.
7. North Carolina State Trooper M.W. Whitner reported to the scene of the accident. Trooper Whitner's report indicated that plaintiff hit defendant's fence on a private access road to defendant's business.
8. Plaintiff sustained a wound on the right side of the scalp, a fracture to the proximal first metacarpal of the left hand and a fractured toe. Plaintiff was confused about current events as the result of his head injury.
9. Mark A. Lyerly, M.D. at Rowan Memorial Hospital, determined that plaintiff had sustained a close head injury with decreased mental status.
10. James L. Comadoll, M.D., treated plaintiff for a fractured toe and a fracture of the first metacarpal of plaintiff's left hand.
11. Plaintiff developed headaches as the result of his head injury. Plaintiff's headaches and memory loss continued through the date of the hearing before the Deputy Commissioner.
12. Dr. Lyerly released plaintiff from work from September 29, 1995 until November 15, 1995.
13. Dr. Comadoll treated plaintiff's injury to his toe and to his thumb until plaintiff reached maximum medical improvement. As the result of the injury by accident on October 8, 1998, plaintiff has a five percent disability to his left thumb.
13. Plaintiff returned to work for defendant and began to make inquiries about payment of his medical bills and was informed by the safety advisor that the defendant was denying the claim.
14. The North Carolina Division of Motor Vehicles ordered plaintiff to pay a $200.00 restitution to the defendant for the damage that was done to defendant's gate. This money was paid for the repairs to defendant's gate.
15. Richard Shaver, president of defendant-Shaver Wood Products, testified that the road leading to the business premises had been dedicated as a public road. However, the road was originally cut and gravelled by Mr. Shaver and continued to be routinely scraped and maintained by Mr. Shaver, his sons and employees. The road was the sole means of ingress and egress from defendant's place of business to the public highway. The road led only to defendant's premises and the residence of Mr. Shaver. Defendant constructed the gate, with defendant's name on it, across the roadway and outside the parking area used by employees.
16. On September 25, 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant which resulted in compensable consequences.
16. Defendant has defended this action without reasonable ground.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Defendant's motion to dismiss with prejudice is DENIED.North Carolina Industrial Commission Rule 613.
2. The sanctions imposed by Frank C. Laney, former Mediation Coordinator for the North Carolina Industrial Commission, on May 7, 1996 are VACATED. Industrial CommissionMediated Settlement Conferences Rule 5.
3. On September 25, 1995, plaintiff was injured while traveling to his place of employment on a road maintained and controlled by the defendant. Royster v. Culp, 343 N.C. 279,470 S.E.2d 30 (1996); Hunt v. State, 201 N.C. 707, 161 S.E.2d 203
(1931). Therefore, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
4. As a result of his compensable injury on September 25, 1995, plaintiff is entitled to temporary total disability compensation at the rate of $156.67 per week from September 25, 1995 through November 15, 1995. N.C. Gen. Stat. § 97-29.
5. As a result of his compensable injury on September 25, 1995, plaintiff is entitled to a five percent permanent partial disability compensation to his left thumb. N.C. Gen. Stat. § 97-31.
6. As a result of plaintiff's compensable injury to his head, plaintiff is entitled to $5,000.00. N.C. Gen. Stat. § 97-31(24).
7. Plaintiff is entitled to an award of attorney's fees in the amount of $1,500.00 because defendant's actions were based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1;Sparks v. Mountain Breeze Restaurant, 55 N.C. App. 663,286 S.E.2d 575 (1982).
8. Plaintiff is also entitled to an attorney's fee assessed against the defendant in the amount of $1,000.00 pursuant to N.C. Gen. Stat. § 97-88.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his temporary total disability, plaintiff is entitled to temporary total disability compensation at the rate of $156.67 per week from September 25, 1995 through November 15, 1995. Said amount has accrued and shall be paid in lump sum.
2. Plaintiff is entitled to 3.75 weeks of compensation at the rate of $156.67 per week for his five percent permanent partial disability rating to his left thumb. Said amount has accrued and shall be paid in lump sum.
3. Plaintiff is entitled to $5,000.00 for his compensable injury to his head. Said amount has accrued and shall be paid in lump sum to plaintiff.
4. Defendant shall pay all medical expenses resulting from plaintiff's compensable injury on September 25, 1995.
5. Defendant shall pay a reasonable attorney's fee in the amount of $2,500.00 to plaintiff's attorney as part of the costs of this action.
6. Defendant shall pay the costs.
This the ___ day of July 1999.
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
LKM/jth