***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Glenn, along with the briefs and arguments on appeal. The appealing party has shown good grounds to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times.
3. The North Carolina Farm Bureau Mutual Insurance Company was the compensation carrier on the risk at all relevant times.
4. Plaintiff's average weekly wage was $1,250.00.
5. On August 15, 1998, plaintiff was involved in an automobile accident.
6. The issues to be determined by the Commission are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of the employment with defendant-employer?
 b) If so, what, if any, benefits is plaintiff entitled to receive?
 ***********
Based upon the evidence of record, the Full Commission rejects the findings of the Deputy Commissioner and enters the following:
 FINDINGS OF FACTS
1. Plaintiff was a fifty-year-old female at the time of the hearing. She is a licensed Physician's Assistant and has been so licensed in North Carolina since 1986. In July 1998, plaintiff began working for defendant-employer.
2. Defendant-employer operated two medical offices in the Emerald Isle and Swansboro area of North Carolina. Sharon Matterson was the clinic director and administrator of both clinics. Dr. Arthur Hemmerlein was plaintiff's supervising doctor.
3. Dr. Hemmerlein and plaintiff sometimes made house calls on patients and would cause a report of the treatment to be generated from which defendant-employer would bill the patient. Additionally, plaintiff would generate a report so that Dr. Hemmerlein would be able to review what plaintiff had done in each case.
4. On August 15, 1998, plaintiff received a call from her friend and neighbor, Lynn Riggs, while plaintiff was still at work asking her to come by and check on her husband because he had cut his hand. Plaintiff told Mrs. Riggs that she would stop by on her way home to check on Mr. Riggs' hand.
5. Mr. and Mrs. Riggs and plaintiff were neighbors. Plaintiff considered them friends who would call her when they had medical needs. Plaintiff had, in the past, provided medical care for the Riggs family and did not charge them for services rendered.
6. After plaintiff left work on August 15, 1998, she was in route to the Riggs' home when the vehicle she was operating was struck in the rear by another vehicle. Plaintiff continued to the Riggs' home and found that Mr. Riggs only had a minor cut, so she cleaned and bandaged it.
7. House calls by physician's assistants unaccompanied by a doctor were prohibited by defendant-employer. Furthermore, plaintiff had not made any house calls by herself for defendant-employer prior to August 1998.
8. Even though Mr. Riggs had been a patient with Defendant-Employer, plaintiff was simply providing minor medical care to a friend on the way home from work on 15 August 1998 and was not in an employment capacity.
9. Plaintiff never sent the Riggs family any bills for the visits she made to their house for the Riggs' various minor medical needs. No bill or office visit note was ever made for the 15 August 1998 visit.
10. Plaintiff submitted her medical bills following the 15 August 1998 accident to her group insurance and did not allege her condition was work-related until almost a year after the accident.
 ***********
Based upon the foregoing findings of fact, the Full Commission rejects the conclusions made by the Deputy and concludes as follows:
 CONCLUSIONS OF LAW
1. The accident of 15 August 1998 did not arise out of and in the course of plaintiff's employment with defendant-employer in that plaintiff was not engaged in an authorized activity calculated to further employer-defendant's business. Rather, plaintiff engaged in a personal errand on her way home from work. Further, plaintiff was not placed at an employment-created increased risk by her commute. Powers v. LadiesFuneral Home, 306 N.C. 728, 295 S.E.2d 473 (1982); Harless v. Flynn,1 N.C. App. 448, 162 S.E.2d 47 (1968); Atlas v. American Serv. Co.,244 N.C. 453, 82 S.E.2d 419 (1954).
2. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer on 15 August 1998. N.C.G.S. § 97-2(6).
3. Plaintiff did not provide written notice of the alleged injury by accident to defendant-employer within 30 days of the alleged injury's occurrence. Further, plaintiff did not have any reasonable excuse for not giving such notice. N.C.G.S. § 97-22.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission REVERSES the holding of the Deputy Commissioner and enters the following:
 ORDER
1. This claim must, under the law, be and hereby it is DENIED.
2. Each side shall pay its own costs for this appeal.
 S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________________________ BUCK LATTIMORE CHAIRMAN
S/_____________________________ RENEE C. RIGGSBEE COMMISSIONER