***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as an executed Pre-Trial Agreement, as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the defendant-employer and the employee-decedent at all relevant times herein.
3. Defendant-employer was an approved self-insured with Liberty Mutual Insurance Company acting as its administrator of its workers' compensation coverage at all relevant times herein.
4. Employee-decedent's average weekly wage was $778.78 per week, yielding a compensation rate of $518.52 at all relevant times herein.
5. Employee-decedent died on September 16, 1997, as a result of injuries he sustained from being hit by an automobile being operated by Rod S. Pandolfo on September 14, 1997, in Winston-Salem, North Carolina.
6. Employee-decedent was employed by defendant-employer as a retail manager at the Winston-Salem store. Pandolfo was employed by defendant-employer as a technician.
7. The parties have agreed and stipulated that defendants are entitled to a net setoff, exclusive of any attorney's fees, in the amount of $40,000.00.
8. The issues to be determined as follows:
 a) Whether employee-decedent sustained an injury by accident while in the course and scope of his employment with defendant-employer that caused his death.
 b) If so, what, if any, workers' compensation benefits is employee-decedent's next of kind entitled to receive?
 c) Whether any sanctions should be imposed on either plaintiff or defendants.
 ***********
The Pre-Trial Agreement along with its attachments and any additional stipulations are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. On September 14, 1997, employee-decedent was reporting to work at LensCrafters in Hanes Mall at 12:00 p.m., one hour before the store was to open. It was his responsibility, as a manager, to open the store. Rod Pandolfo was also scheduled to work at the store at 12:00 p.m., Sunday, September 14, 1997. The mall does not open on Sunday's until 12:30 p.m.
2. Employee-decedent parked his automobile in the mall parking lot farthest away from the store, as it was his custom to do, and was walking across the empty parking lot towards the LensCrafters store. The LensCrafters store at Hanes Mall has an outside entrance that is accessible to the public. Employee-decedent was carrying the store keys along with other work related material in his hand as he was walking across the parking lot.
3. Employee-decedent had reached the edge of the parking lot and was about to cross the inner loop road onto the curtilage of the property in front of the LensCrafters' outside entrance as Rod Pandolfo was driving his automobile along the inner loop of the mall, heading towards the parking lot to park his car. Mr. Pandolfo was running late for work and had been cutting across the empty parking lot to arrive at the parking lot in front of LensCrafters. Mr. Pandolfo was driving his automobile at approximately 30 miles per hour. There was testimony that Mr. Pandolfo intentionally directed his automobile at employee-decedent as if to play the game of chicken with employee-decedent. There was some evidence that employee-decedent had participated in the game of chicken with Mr. Pandolfo and other employees. But on this occasion there was an independent witness who saw the incident and indicated that from her stand point employee-decedent did not see Mr. Pandolfo and was surprised when he saw the vehicle coming at him at the high rate of speed. She further stated that employee-decedent attempted to get out of the way but could not and the automobile struck him causing him to fly up into the air and coming to rest in front of the automobile.
4. Employee-decedent was struck by the automobile being driven by Rod Pandolfo in the right rear calf, thrown onto the windshield, and then onto the pavement causing severe trauma and injuries. He was pronounced dead on September 16, 1997 from acute intra-cranial injury and subdural hematoma.
5. Employee-decedent was struck while he stood in the parking lot at the edge of the marked parking stalls in front of the LensCrafters store and Loading Dock C of Hanes Mall. The time of the accident was 12:02 p.m.
6. Hanes Mall is owned by Richard E. Jacobs Group, Inc. based out of Cleveland, Ohio and is managed by Dennis L. Cerney. Under the terms of the lease between LensCrafters and Hanes Mall, LensCrafters received a non-exclusive right to use, along with approximately 200 other Mall tenants, all of the common areas including the parking lot in question. This non-exclusive right was subject to LensCrafters acknowledgement and agreement that, "Landlord shall, at all times, have full control, management and direction of the Common Areas."
7. The mere right of LensCrafters to use the parking lot under the terms of the lease with the mall does not constitute "sufficient control" over the parking lot to allow a finding that the parking lot was within LensCrafters' premises. LensCrafters had no more control over the area of the parking lot where the accident occurred than any other tenant in the mall. LensCrafters did not control nor maintain the parking lot referenced above and employee-decedent was not exposed to any danger greater than the public in general.
8. Employee-decedent's injuries did not occur on the employer's premises. Employee-decedent's injuries occurred on property that was controlled exclusively by the landlord, Richard E. Jacobs Group, Inc., who owns Hanes Mall.
9. Employee-decedent is survived by his mother, Janet Deseth, of Fargo, North Dakota. Employee-decedent did not have a surviving spouse, children or other dependants.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Employee-decedent did not sustain an injury by accident while in the course and scope of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Employee-decedent's injuries did not occur on the employer's premises. Therefore, employee-decedent's injuries do not fall within the limited exception to the `coming and going' rule that applies when an employee is injured when going to or coming from work on the employer's premises. Royster v. Culp, Inc., 343 N.C. 279, 470 S.E.2d 30 (1996).
3. Employee-decedent did not sustain an injury by accident while in the course and scope of his employment with defendant. Injuries occurring while an employee travels to and from work that do not arise in the course of employment are not compensable. Barham v. Food World, Inc.,300 N.C. 329, 266 S.E.2d 676 (1980).
4. Employee-decedent's death is not compensable under the Workers' Compensation Act and, therefore, employee-decedent's mother is not entitled to receive death benefits as a result of employee-decedent's death. N.C. Gen. Stat. § 97-38.
 ***********
Based on the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
2. The parties shall pay their own costs in this action.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER