***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission affirms with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. All parties have been correctly designated and there is no question as to misjoinder or non-joinder of the parties.
4. Defendant is a duly self-insured and Gallagher Bassett Services is the Third Party Administrator.
5. A Form 22 was submitted from which an average weekly wage may be determined.
6. The date of injury giving rise to this claim is September 16, 1999.
7. Plaintiff's last day of work for defendant-employer was September 24, 1999 and he was out until he returned to work on December 3, 1999.
8. The parties entered the following evidence into the evidence of record at the hearing before the Deputy Commissioner:
a. Stipulated Exhibit 1 — medical records, discovery information
b. Stipulated Exhibit 2 — I.C. Forms
c. Stipulated Exhibits 3 — plaintiff's answers to interrogatories
9. The issues before the Commission are: (i) whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer; and (ii) if so, what compensation, if any, is due plaintiff?
 ***********
Based upon all the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the Deputy Commissioner hearing, plaintiff was 58 years old and employed by defendant as a cable slicer. There were three cable splicers on plaintiff's crew and numerous service technicians and cable technicians.
2. Plaintiff normally set up new lines for service and connected other lines. His working hours were usually 7:00 a.m. until 5:00 p.m.
3. Defendant did not pay plaintiff for his travel or provide transportation to and from work. Plaintiff drove his own personal vehicle to and from work and plaintiff's workday began when he arrived at defendant's plant.
4. Plaintiff usually attended a brief morning meeting and then entered his work truck to begin the day's assigned activities.
5. Plaintiff was assigned storm duties which involved repairing lines as a result of storm damage. During storms, plaintiff teamed up with a service technician or cable technician and drove around to survey damage that had been caused by the storms. Upon their return to the plant, the employees notified the supervisors of the damage so a plan of repair could be developed. Plaintiff then went with his partner to start repairing damaged cable lines.
6. On September 16, 1999, Hurricane Floyd devastated much of southeastern North Carolina. The North Carolina Department of Transportation actually closed and cordoned off many of the roads in southeastern North Carolina due to the hurricane and the severe flooding.
7. Plaintiff normally traveled to work on RP 1139 by turning left out of his driveway, but on September 16, 1999 a downed tree blocked that route. Plaintiff reversed the direction of his travel to take the only route available to defendant's plant. Plaintiff traveled right out of his driveway onto RP 1139.
8. As plaintiff was traveling on RP 1139, he encountered a washed out bridge. The condition of the bridge was not visible from the road. Plaintiff crashed his vehicle as a result of the bridge being washed out. Plaintiff was knocked unconscious for about twenty minutes and suffered serious medical injuries including a broken neck.
9. Plaintiff was out of work from September 16, 1999 through December 3, 1999 as the result of the injuries from this accident.
10. While plaintiff was out of work he was paid his full wages pursuant to a collective bargaining agreement between Sprint and the union of which the plaintiff is a member. Wages were paid under Sprint's short-term disability policy.
11. Plaintiff's medical bills have been paid pursuant to the group health insurance provided by defendant.
12. Plaintiff has a zero percent permanent partial disability rating as result of the injuries that he received on September 16, 1999.
13. Plaintiff's employment did not include transportation as part of his employment contract.
14. Plaintiff was not on the premises of defendant at the time the accident occurred.
15. Plaintiff was not on a special errand for his employer on the date the accident occurred.
16. On the date the accident occurred, plaintiff had not teamed up with a fellow employee to go out to survey the damage.
17. The Full Commission finds based upon the greater weight of the competent evidence that plaintiff was injured while driving from his home to work on a day he was regularly scheduled to work. Plaintiff was not assisting defendant in any way at the time his accident occurred, and was not acting in the course or scope of his employment.
18. Plaintiff failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with defendant on September 16, 1999.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. An employee is entitled to workers' compensation benefits for injuries sustained in an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6); Ross v. Young Supply Co.,71 N.C. App. 532, 322 S.E.2d 648 (1984). To meet the "arising out of the employment" requirement there must be a causal connection between the injury and the employment. Barham v. Food World, 300 N.C. 329,266 S.E.2d 676, reh'g denied, 300 N.C. 562, 270 S.E.2d 105 (1980). An injury occurs "in the course" of the employment if it is "during the period of employment, at a place where an employee's duties are calculated to take him, and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business." Powers v.Lady's Funeral Home, 306 N.C. 728, 730, 295 S.E.2d 473, 475 (1982).
2. Ordinarily, an injury sustained by an employee while going to or coming from work does not arise out of and in the course of employment.Royster v. Culp, Inc., 343 N.C. 279, 470 S.E.2d 30 (1996). Case law has established certain limited exceptions to the coming and going rule. However, plaintiff has not argued that his injury falls under one of the known exceptions. Rather, plaintiff urges the Commission to recognize the "forced exposure as increased risk" doctrine as a new exception to the coming and going rule. Plaintiff argues that an injury should be compensable in situations where an employee travels public roads in hazardous conditions, such as after a hurricane and resulting flooding, to reach his workplace in order to perform his job duties.
3. North Carolina does not recognize the forced risk doctrine. Our courts have held that injuries resulting from natural disasters are not caused by any condition pertaining to the employment and therefore there is no causal relation between the employment and the accident. See, Marshv. Bennett College, 212 N.C. 662, 194 S.E.2d 303 (1937); Walter v.Wilkins, Inc., 212 N.C. 627, 194 S.E.2d 89 (1937).
4. The facts in the case at bar establish that plaintiff's accident does not fall under any recognized exception to the coming and going rule. Plaintiff's injury by accident occurred while he was traveling from home to work and is therefore not compensable. Royster v. Culp, supra.
5. Therefore, on September 16, 1999 plaintiff did not sustain a compensable injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
Each side shall bear its own costs.
This 19th day of December, 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER
LKM/mlb