LEVINSON, Judge.
Plaintiff (Wanda Gillette) appeals from an Opinion and Award of the North Carolina Industrial Commission denying her claim for workers' compensation benefits. We affirm.
The pertinent facts are undisputed and may be summarized as follows: Plaintiff was employed by defendant Dollar Tree Stores as an associate manager at the Dollar Tree on Roxboro Road in Durham, North Carolina. Her duties included, inter alia, opening andclosing the store, "closing out" the cash registers at the end of the day, and depositing money at the Roxboro Road branch of Central Carolina Bank, which was located four tenths of a mile south of the Dollar Tree and was on plaintiff's regular route home.
On 7 March 2001 the store closed at 9:00 p.m. Plaintiff stayed to close up the store and the cash registers, then drove to the CCB branch and made the night deposit. Plaintiff then resumed driving south on Roxboro Road towards her home. After driving about three tenths of a mile, plaintiff's car was struck by a vehicle turning left across Roxboro Road. As a result of the accident, plaintiff suffered certain injuries requiring medical treatment and surgery. Several months later, on 11 September 2001, she filed a claim for workers' compensation. Defendant denied her claim on the basis that the accident did not arise out of and in the course of her employment.
A hearing was held before Deputy Commissioner Phillips of the Industrial Commission. On 20 November 2002 Phillips entered an opinion concluding that plaintiff "was on a special errand" for defendant when she was injured, and awarding workers' compensation benefits to plaintiff. Defendants appealed to the Full Commission, which filed its opinion and award on 23 October 2003. The Commission reversed the deputy commissioner, and ruled that plaintiff was not entitled to benefits. The Commission found that the after-hours night deposit at the bank was a regular part of plaintiff's employment, that the accident occurred after plaintiff finished making the deposit, and that making the night deposit didnot require plaintiff to take a different route home. The Commission concluded that the night deposit at CCB was not a special errand, that the "coming and going" rule applied, and that the accident did not arise out of and in the course of plaintiff's employment. From this opinion and award plaintiff appealed.
Standard of Review
The standard of review from opinions and awards of the Industrial Commission is well established: "The standard of review on appeal to this Court from an award by the Commission is whether there is any competent evidence in the record to support the Commission's findings and whether those findings support the Commission's conclusions of law. Therefore, if there is competent evidence to support the findings, they are conclusive on appeal even though there is plenary evidence to support contrary findings." Oliver v. Lane Co., 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001) (citations omitted). However, "the Commission's conclusions of law are fully reviewable." Holley v. ACTS, Inc., 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003) (citing Lanning v. Fieldcrest-Cannon, 352 N.C. 98, 106, 530 S.E.2d 54, 60 (2000)).
Under N.C.G.S. § 97-2(6) (2003), an injury by accident must arise out of and in the course of employment to be compensable under the Workers' Compensation Act. "The determination of whether an accident arises out of and in the course of employment is a mixed question of law and fact, and this Court may review the record to determine if the Industrial Commission's findings and conclusions are supported by sufficient evidence." Royster v.Culp, Inc., 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996) (citing Gallimore v. Marilyn's Shoes, 292 N.C. 399, 233 S.E.2d 529 (1977)). Further, "`[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.'" Adams v. AVX Corp., 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (quoting Anderson v. Lincoln Construction Co., 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). However, in the instant case "there is no dispute about the facts, and thus we are confronted with a question of law." State ex rel. Utilities Comm'n v. MCI, 132 N.C. App. 625, 632 n.5, 514 S.E.2d 276, 281 n.5 (1999).
Plaintiff argues first that the Commission erred by failing to find that her accident occurred while she was engaged in a "special errand" for her employer. We disagree.
"The general rule in this state is that an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment. This is known as the `coming and going' rule." Royster v. Culp, Inc., 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996) (citation omitted). In the instant case it is undisputed that plaintiff was traveling home at the time of her injury. Plaintiff contends, however, that the accident falls within the "special errand" exception to the "coming and going rule." "Under the `special errand' exception, an injury caused by a highway accident is compensable if the employee at the time of the accident is acting in the course of his employment and in the performance of some duty, errand, or mission thereto." Royster v. Culp, Inc., 343 N.C. 279, 283, 470 S.E.2d 30, 32 (1996) (citing Powers v. Lady's Funeral Home, 306 N.C. 728, 295 S.E.2d 473 (1982)). "Professor Larson has summarized the `special errand' rule as follows:
When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered [due to] the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.
Creel v. Town of Dover, 126 N.C. App. 547, 556, 486 S.E.2d 478, 483 (1997) (quoting 1 Arthur Larson & Lex K. Larson, Larson's Workmen's Compensation Law § [14.05[1] (2000)]). "Whether there was a special errand and when the errand began and ended is a question of fact and is to be determined on a case-by-case basis." Osmond v. Carolina Concrete Specialties, 151 N.C. App. 541, 544-45, 568 S.E.2d 204, 207 (2002) (citation omitted).
In the instant case, the Commission's findings included, in pertinent part, the following:
3. Plaintiff's duties were to open or close the store, close out registers, . . . and complete closing procedures. Plaintiff was responsible for making a deposit of money at the bank after the store had closed or throughout the day as needed as part of the regular procedure for handling revenues. During busy seasons, deposits were made at other times as well.
4. . . . . Each employee drove his/her own car to the bank and departed from that location. . . . Plaintiff closed the store and made the night deposit two or three times a week.
5. On March 7, 2001 the store closed at 9:00 p.m. After completing closing procedures, plaintiff . . . drove to the Central Carolina Bank located on Roxboro Street[,] . . . approximately four tenths of a mile from the store . . . on the opposite side of the street from the store.
6. After making the deposit . . . plaintiff proceeded south on Roxboro Street toward her residence[.] . . . At 9:49 p.m plaintiff was three tenths of a mile from the bank when she was struck . . . by a vehicle. . . .
. . . .
16. The Full Commission finds based upon the greater weight of the evidence of record that plaintiff had completed her duties for defendants upon making the bank deposit at Central Carolina Bank. Plaintiff was on her way home from her employment when the accident occurred and had no further obligations or duties to defendants until she returned for her next scheduled shift.
17. Making a bank deposit upon closing the store was a regular part of plaintiff's duties. It was done each time plaintiff closed the store. Plaintiff testified she made the night deposit two or three times a week for a total of at least 50 times in the five months she had been employed. Plaintiff's employment period ended upon making the deposit and plaintiff began her way home. The intersection where plaintiff was struck was the same one she would have encountered if she had gone home directly from the store instead of first making the deposit.
Upon these and other findings of fact, the Commission reached conclusions of law including, in relevant part, the following:
1. An employee is entitled to workers' compensation benefits for injuries sustained in an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6)[.] . . .
2. Ordinarily, an injury sustained by an employee while going to or coming from work does not arise out of and in the course of employment.Royster v. Culp, Inc., 343 N.C. 279, 470 S.E.2d 30 (1996). An exception to the coming and going rule provides that an employee is entitled to benefits under the Workers' Compensation Act if he is injured while performing a special duty or errand for his employer. Powers v. Lady's Funeral Home, supra. Where a special errand began and ended is a question of fact and must be determined on a case by case basis. Massey v. Board of Education, 204 N.C. 193, 167 S.E. 695 (1933).
. . . .
4. . . . [P]laintiff's accident does not fall under the special errand exception to the coming and going rule. Plaintiff's trip to the bank to make the night deposit did not constitute a special errand because the night deposits occurred with such frequency and regularity that this duty was an established part of her regular job. Therefore, the coming and going rule applies because the accident occurred after plaintiff completed her regular job duties and was on her way home. . . .
"In reviewing an Opinion and Award from the Industrial Commission, . . . [f]indings of fact not assigned as error are conclusively established on appeal." Hensley v. Industrial Maintenance Overflow, ___ N.C. App. ___, ___, 601 S.E.2d 893, 897 (2004) (citing Robertson v. Hagood Homes, Inc., 160 N.C. App. 137, 140, 584 S.E.2d 871, 873 (2003)). In the instant case, plaintiff assigned error to only two of the Commission's findings of fact - numbers sixteen and seventeen.
We have reviewed the record evidence and conclude that findings of fact sixteen and seventeen are supported by competent evidence. Furthermore, we conclude that the Commission's findings of fact support its conclusions of law. This assignment of error is overruled. Plaintiff also argues that the Commission erred by failing to make findings pertaining to her wage-earning capacity and disability. Because the Commission determined that plaintiff's injury did not arise out of and in the course of her employment, it did not err by failing to make specific findings pertaining to disability. This assignment of error is overruled.
We conclude that the Industrial Commission did not err by denying plaintiff workers' compensation benefits, and that its Opinion and Award should be
Affirmed.
Judges TYSON and BRYANT concur.
Report Per Rule 30(e).