* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission, and this is the proper jurisdiction for this action.
2. All parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
3. On the alleged date of injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times, an employment relationship existed between the parties.
5. Erie Insurance was the compensation carrier on the risk.
6. All of plaintiff's medical records will be submitted as a Stipulated Exhibit.
7. All of the Industrial Commission forms and filings will be submitted as a Stipulated Exhibit.
8. Plaintiff's average weekly wage is to be determined.
9. Plaintiff's alleged date of injury is January 28, 2004.
10. The parties agree that the contested issues are: Did plaintiff suffer a compensable injury by accident in the course and scope of employment with defendant-employer and, if so, what medical and other benefits is plaintiff entitled to as a result of his alleged injury.
 * * * * * * * * * * *
The following were marked and received into evidence by the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit No. 1 — Medical records and bills;
2. Stipulated Exhibit No. 2 — Industrial Commission forms;
3. Stipulated Exhibit No. 3 — Defendants lease for their place of business; *Page 3 
4. Plaintiff's Exhibits No. 1-6 — Photographs of workplace;
5. Plaintiff's Exhibit No. 7 — Form 18M by Dr. Speers; and
6. Plaintiff's Exhibit No. 8 — Plaintiff's statement to the carrier.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant-employer as an analyst for two years. On January 28, 2004, plaintiff slipped on some ice as he was getting into his car to go home at the end of the day. Plaintiff lost his footing and tried to catch himself, but he fell and hit the ground. He stated that he hurt his right shoulder and his mid to lower back. The landlord of defendant-employer's office, Drucker Falk, L.L.C., paid portions of plaintiff's medical bills. Plaintiff missed only one day of work as a result of these injuries.
2. Defendant-employer terminated plaintiff on April 30, 2004, due to poor job performance. Four other employees were terminated at the same time. After his termination, plaintiff received unemployment benefits.
3. Plaintiff returned to work earning greater wages on October 1, 2004, with Yardi Systems.
4. Defendant-employer's office was located at 1001 Navajo Drive in Raleigh, North Carolina, in a two-story brick building. The offices of defendant-employer occupied 7,200 square feet in a suite on the second floor. Defendant-employer did not own the building or the adjacent parking lot. The building and parking lot were owned and maintained by landlord Drucker and Falk, L.L.C. Defendant-employer was one of twelve to eighteen tenants occupying *Page 4 
the building. Tenants included a transportation company, an electrolysis office, a masseuse, the North Carolina State Cemetery Office, and a hotel extension.
5. The parking lot adjacent to the building was for the use of the building's tenants and their customers. Both employees and customers of the tenants parked in this lot. All of the tenants in the building shared the parking lot, and there were no assigned spaces. Although a sign in the parking lot provided for the towing of unauthorized vehicles at the owner's expense, no decals or markers identifying authorized vehicles were issued. A fence separated the parking lot from the public street, but the parking lot's entrance was not gated.
6. Defendant-employer did not have exclusive control of the parking lot. Defendant-employer did not clean or maintain the parking lot. If there was any repair needed to the parking lot, defendant-employer reported this need to the landlord. If a car blocked another car, the problem was reported to the landlord. It was the responsibility of the landlord to remove the ice and snow. No employee of defendant-employer was responsible for cleaning the parking lot or clearing the parking lot of ice and snow. The lease did not grant defendant-employer any rights or control over the parking lot.
7. Plaintiff contends that the lease agreement between defendant-employer and Drucker and Falk, L.L.C., conferred to defendant-employer a certain degree of control over the parking lot. However, the Full Commission finds that the mere right of defendant-employer to use the adjacent parking lot does not constitute sufficient control over the parking lot to allow a finding that the parking lot was within defendant-employer's premises. Defendant-employer had no more control over the parking lot than any other tenant of the building. Defendant-employer did not control or maintain the parking lot and plaintiff was not exposed to any danger greater than the public in general. Moreover, the parking lot was not listed under the "Demised *Page 5 
Premises" section of the lease, which delineates the actual property that defendant-employer rented from Drucker and Falk, L.L.C. Rather, the only mention of parking in the lease agreement was under the section entitled "Services by Landlord" and contained merely the language that: "Landlord shall further provide a reasonable amount of free parking in common with the other tenants, for tenant's employees and visitors." The Full Commission finds that the language regarding parking in the lease agreement between defendant-employer and Drucker and Falk, L.L.C., was insufficient to confer any control of the parking lot to defendant-employer.
8. Plaintiff's injuries did not occur on defendant-employer's premises. Plaintiff's injuries occurred on property that was controlled exclusively by the landlord, Drucker and Falk, L.L.C.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. An employee is entitled to workers' compensation benefits for injuries sustained in an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). To meet the "arising out of the employment" requirement there must be a causal connection between the injury and the employment. Barham v. Food World, 300 N.C. 329,266 S.E.2d 676, rehearing denied, 300 N.C. 562, 270 S.E. 2d 105 (1980). An injury occurs "in the course" of the employment if it is during the period of employment, at a place where an employee's duties are calculated to take him, and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business."Powers v. Lady's Funeral Home, 306 N.C. 728, 730, 295 S.E. 2d 473, *Page 6 
475(1982). An injury sustained by an employee while going to or coming from work does not arise out of and in the course of employment.Royster v. Culp, Inc., 343 N.C. 279, 470 S.E. 2d 30 (1996). In the present case, plaintiff's injury occurred while leaving his employment and is, thus, barred by the "coming and going" rule. Id.
2. A limited exception to the "coming and going" rule applies where an employee is injured when going to or coming from work on the employer's premises. Royster, 343 N.C. at 281, 470 S.E. 2d at 31. Although defendant-employer's lease provides for its use of the parking lot, the evidence of record is that the parking lot was a common area in which all tenants had access. The Court of Appeals held in Barham that where an employer has "no responsibility for the upkeep or maintenance" of the premises where an injury occurred, and had "no obligation or authority under its lease" to take action regarding the condition of the premises, then the premises in question are not sufficiently under the control of the employer to permit the conclusion that the premises constituted a part of the employment premises. Barham, 300 N.C. at 333,266 S.E.2d at 679. In the instant case, the evidence of record shows that defendant-employer had no responsibility for the upkeep or maintenance of the parking lot, which includes the removal of ice, and had no obligation or authority under its lease to take action regarding the accumulation of ice in the parking lot. Id. Plaintiff has failed to show that the parking lot was sufficiently under the control of the defendant-employer to permit the conclusion that the premises constituted a part of the employment premises. Id. Because plaintiff's injuries did not occur on the employer's premises, plaintiff is not entitled to the limited exception to the "coming and going" rule that applies when an employee is injured when going to or coming from work on the employer's premises. Royster, 343 N.C. at 281, 470 S.E. 2d at 31. *Page 7 
3. Based on the totality of the evidence of record, plaintiff did not sustain an injury by accident while in the course and scope of his employment with defendants. N.C. Gen. Stat. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This 23rd day of April 2007.
S/__________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/__________________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/__________________________ CHRISTOPHER SCOTT COMMISSIONER *Page 8